UNITED STATES of America, Appellee,

v.

Heinz G. DALL, Appellant.

No. 90–1049.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 28, 1990.

Decided Sept. 5, 1990.

---

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

Heinz G. Dall appeals pro se the sentence imposed by the district court[1] after he entered a plea of guilty to one count of conspiracy to violate the customs laws and the Federal Food, Drug, and Cosmetic Act (FFDCA) in violation of 18 U.S.C. § 371 and one count of unlawful importation of 50 kilograms of chloramphenicol, an animal drug, into the United States in violation of 18 U.S.C. §§ 545, 2. Dall was sentenced to concurrent terms of 24 months' imprisonment followed by three years' supervised release, a $100 special assessment, and a $40,000 fine. We affirm.

Dall argues on appeal that (1) there was no substantial evidence that $1,353,793 worth of drugs that were imported into the United States from 1983 to 1984 were part of the conspiracy because the drugs were FDA approved[2] and he acted alone in importing them, and this amount should not be included in his base offense level; (2) there was insufficient evidence to support applying commentary note two of Guidelines § 2T3.1 (Evading Import Duties or Restrictions (Smuggling)) to determine his base level because the drugs, with one exception, were not harmful; (3) the court erred in finding he was a manager and supervisor; and (4) there was no substantial evidence to support the finding of his pecuniary gain and his $40,000 fine was unjust in light of his coconspirator's $4,000 fine.[3]

In reviewing the sentence imposed by the district court, this court "shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the [G]uidelines to the facts." 18 U.S.C. § 3742(e).

We find that there was sufficient evidence to support the district court's finding that the amount from Dall's 1983–84 transactions was part of the conspiracy. The indictment included the dates of these transactions within the conspiracy. *See United States v. Johnson*, 888 F.2d 1255, 1256–57 (8th Cir.1989) (rejected defendant's argument there was insufficient evidence of his knowledge of LSD because he pleaded guilty to conspiracy to distribute LSD). Although Dall paid duties on these drugs, they were adulterated under the FFDCA and, therefore, were imported contrary to law. *See* 21 U.S.C. §§ 321(w), 351(a)(5) (drug is adulterated if it violates section 360(b)), and 360b(a) and (b). Therefore, these drugs were properly included in the calculation of Dall's base level. Guidelines § 1B1.3(a)(1).

---

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

2. Dall admits in his Reply Brief that a portion of this amount was illegal because he diverted oxytetracycline from a customer with a "new animal drug approval" (NADA) to a customer without a NADA.

3. Dall filed an addendum to his reply brief which raised the issue of ineffective assistance of counsel for the first time, but stated that this question must "revert" to the district court. Regardless of whether his claim of ineffective assistance of counsel can be properly raised on direct appeal, we will not address this issue because it was not sufficiently raised on appeal.

■ This court has adopted the First Circuit's three-step analysis in *United States v. Diaz–Villafane,* 874 F.2d 43, 49 (1st Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989), for reviewing sentences departing from the Guidelines. *United States v. Lang,* 898 F.2d 1378, 1379–80 (8th Cir.1990). The court must evaluate the district court's determination that the circumstances are sufficiently "unusual" to warrant a departure; then determine if the circumstances actually exist in the case; and, finally, determine if the sentence is reasonable. *Id.; see also* 18 U.S.C. § 3553(b).

■ The district court applied note two of section 2T3.1 (court should impose a sentence above guideline based on items' fair market value in instances involving harmful items for which entry is prohibited) and also credited Dall for the duties he paid on the drugs imported to the United States under false pretenses. Dall's offense fell within the situation described in note two, and his 24–month sentence is reasonable.

■ We also find that there was sufficient evidence in the record to support Dall's enhancement for being an organizer and manager. Guidelines § 3B1.1(c). Dall was one of the largest suppliers of unapproved animal drugs in the United States, met with his customers to discuss smuggling the drugs into the United States, made the arrangements with European suppliers to send the drugs to Canada, and met with bank officials regarding a letter of credit for one of his customers. The district court correctly placed the burden of proof on the government, *United States v. Williams,* 905 F.2d 217, 218 (8th Cir.1990); and the testimony of the lead investigator and Dall himself support this enhancement.

Lastly, Dall's argument concerning the court's finding of his pecuniary gain is without merit because the court did not base the range for Dall on his pecuniary gain. In any event, the record shows that the district court based its decision on Dall's ability to pay and correctly applied the Guidelines. *United States v. Mitchell,* 893 F.2d 935, 936 (8th Cir.1990) (court's restitution order must be consistent with defendant's ability to pay).

The judgment is affirmed.