**UNITED STATES of America, Appellee,**

v.

**William CHIPPAS, Appellant.**

**No. 91–1062.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 10, 1991.

Decided Aug. 16, 1991.

---

William Chippas, pro se.

Mitchell F. Stevens, St. Louis, Mo., for U.S.

Before JOHN R. GIBSON, WOLLMAN and MAGILL, Circuit Judges.

PER CURIAM.

William Chippas appeals from the district court's denial of his motion to correct an illegal sentence filed under former Rule 35(a). We affirm in part and reverse in part.

Chippas was convicted of distributing cocaine in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846. On direct appeal, this court, in *United States v. Padilla*, 869 F.2d 372 (8th Cir.), *cert. denied*, 492 U.S. 909, 109 S.Ct. 3223, 106 L.Ed.2d 572 (1989), relying on *United States v. Portillo*, 863 F.2d 25, 26 (8th Cir.1988) (per curiam), vacated Chippas's sentence which included a term of supervised release, and remanded to the district court for re-sentencing. On remand, in accordance with this court's direction, the district court resentenced Chippas to, among other things, a five-year term of special parole in place of the term of supervised release. The district court also imposed a $25,000 fine.

Chippas then filed the instant Rule 35(a) motion, arguing that his convictions for both distributing cocaine and conspiracy to distribute cocaine, were in violation of the double jeopardy clause under *Grady v. Corbin*, — U.S. —, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990) (double jeopardy clause bars subsequent prosecution if, to establish essential element of offense charged in prosecution, government will prove conduct for which defendant has already been prosecuted), because they required proof of the same conduct, and that the district court did not have statutory authority to impose the special parole term upon resentencing. On appeal Chippas reasserts these arguments and also argues, citing *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), that because he has begun serving his sentence, the district court cannot now reimpose a term of supervised release. In addition, Chippas argues that the district court failed to consider his inability to pay a fine under 18 U.S.C. § 3591(a).

Chippas's reliance on *Grady* in support of his double jeopardy claim is misplaced. In *Grady*, 110 S.Ct. at 2090–91, the Court stated that when a double jeopardy claim concerns multiple punishments imposed in a single prosecution, as in the instant case, the test announced in *Blockburger v. United States*, 284 U.S. 299, 304,

52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (no violation if each offense requires proof of a fact which the other does not), controls. Chippas admits on appeal that his prosecution did not violate *Blockburger,* but argues that the *Grady* test applies to his type of double jeopardy claim. We believe it is clear, as the district court found, "that *Grady* pertains only to successive prosecutions, not to claims that multiple counts within a single indictment have double jeopardy connotations." *United States v. Oritz–Alarcon,* 917 F.2d 651, 654 (1st Cir. 1990), *cert. denied,* — U.S. —, 111 S.Ct. 2035, 114 L.Ed.2d 120 (1991); *accord United States v. Pungitore,* 910 F.2d 1084, 1117 n. 42 (3d Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991).

■ Chippas is correct, however, that the district court did not have authority to impose a term of special parole. In *Gozlon–Perez v. United States,* — U.S. —, 111 S.Ct. 840, 847–49, 112 L.Ed.2d 919 (1991), the Court held that section 1002 of the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, 100 Stat. 3207, §§ 1001–1009, mandating terms of supervised release in place of terms of special parole, became effective on the date of the ADAA's enactment, October 27, 1986. Chippas committed his crimes in March 1987. *Gozlon–Perez* robs our earlier decision in *Portillo* of any continuing vitality. Accordingly, Chippas was properly subject to a term of supervised release rather than special parole. The sentence as originally imposed was thus proper and we must remand for resentencing in accord with *Gozlon–Perez,* and consistent with the sentence originally imposed in this case. While the proceedings may thus present the appearance of a yo-yo, the impact of *Gozlon–Perez* on *Portillo* requires this result. Chippas's reliance on *DiFrancesco* for the proposition that a term of supervised release cannot be reimposed is without merit.

■ Finally, Chippas's claim concerning the imposition of the fine, which was not presented to the district court and was raised for the first time on appeal in his reply brief, is not properly before the court. *See Ryder v. Morris,* 752 F.2d 327,

332 (8th Cir.) (issues not raised below generally not considered by appellate court unless injustice would otherwise result), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985); *United States v. Dall,* 918 F.2d 52, 53 n. 3 (8th Cir.1990) (per curiam) (issue raised for first time in reply brief not properly before court), *cert. denied,* — U.S. —, 111 S.Ct. 981, 112 L.Ed.2d 1065 (1991).

We vacate the term of special parole and remand for resentencing in accordance with *Gozlon–Perez.* We affirm in all other respects.