**Heinz G. DALL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 91–2887.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 24, 1992.

Decided Feb. 24, 1992.

Rehearing Denied April 2, 1992.

**572**

Heinz G. Dall, pro se.

Sharon I. Kurn, Washington, D.C., for appellee.

Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.

PER CURIAM.

Heinz G. Dall appeals from the final judgment entered in the United States District Court[1] for the Northern District of Iowa, denying his motion pursuant to 28 U.S.C. § 2255. For the reasons discussed below, we affirm.

Dall pleaded guilty to one count of conspiring to violate the customs laws and the Federal Food, Drug, and Cosmetic Act in violation of 18 U.S.C. § 371, and one count of unlawful importation of an animal drug in violation of 18 U.S.C. §§ 545, 2. The district court sentenced Dall to twenty-four month concurrent terms of imprisonment on each count, and a $40,000 fine. This court affirmed his sentence and fine on direct appeal. *United States v. Dall*, 918 F.2d 52 (8th Cir.1990) (per curiam) (*Dall*), *cert. denied,* — U.S. —, 111 S.Ct. 981, 112 L.Ed.2d 1065 (1991).

Dall then filed his section 2255 motion, raising a number of sentencing issues and alleging that his counsel was ineffective for failing to have $1,353,793 worth of drugs Dall imported in 1983–84 excluded

for purposes of calculating his base offense level. The district court denied the motion without holding an evidentiary hearing.

On appeal Dall argues that: (1) the district court erred by considering the government's untimely response to his section 2255 motion; (2) the violations alleged by the government in connection with the 1983–84 imports were improperly included under section 2T3.1 of the Sentencing Guidelines; (3) the district court erred by concluding Dall was not prejudiced by counsel's failure to establish that the 1983–84 imports were not part of the conspiracy; (4) the evidence failed to establish the 1983–84 shipments were illegal or a part of the conspiracy; and (5) the district court erred by determining an evidentiary hearing was unnecessary.

As to Dall's first claim, the district court did not abuse its discretion by considering the government's response to his section 2255 motion, even though it was filed four days late. *See, e.g., Coco v. United States*, 569 F.2d 367, 372 (5th Cir.1978) (no abuse of discretion to deny movant's motion to strike government's untimely response to section 2255 motion). Dall has not indicated how he was prejudiced by the government's untimely filing.

Most of the other issues Dall raises on appeal relate to the sufficiency of the evidence to support including the $1,353,-793 worth of drugs Dall imported in 1983–84 to establish his base offense level under section 2T3.1. As the district court correctly noted, Dall unsuccessfully raised this issue in his direct appeal. *Dall*, 918 F.2d at 53–54. "[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir.1981) (per curiam); *see also United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir.1987) (per curiam). We reject Dall's contention that his counsel was ineffective for failing to contest the inclusion of the 1983–84 imports in

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa. Since November 18, 1991, Judge Hansen has been a circuit judge on the United States Court of Appeals for the Eighth Circuit.

his base offense level because counsel did raise that issue at the sentencing hearing, the district court expressly found that these imports were part of the conspiracy, and we upheld that decision on his direct appeal. *See Dall,* 918 F.2d at 53–54.

Dall's claims that the district court incorrectly applied note two of section 2T3.1, erroneously increased his offense level under section 3B1.1(c), and incorrectly calculated his fine, were resolved against him on direct appeal, *Dall,* 918 F.2d at 54, and cannot be relitigated in this section 2255 proceeding. *Shabazz,* 657 F.2d at 190. Finally, we reject Dall's argument that the district court erred by denying his request for an evidentiary hearing because his claims can be resolved by reference to the prior records. *See United States v. Schmitz,* 887 F.2d 843, 844 (8th Cir.1989) (per curiam) (evidentiary hearing unnecessary where files and records conclusively show petitioner not entitled to relief).

Accordingly, we affirm.