989 F.2d 506
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Dwight D. LOWE, Appellant.
 No. 92-2498.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 10, 1993.
Filed: March 5, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dwight D. Lowe appeals his jury conviction and thirty-four-month sentence for nineteen counts of aiding in the preparation of false income tax returns, in violation of 26 U.S.C. § 7206(2). We affirm.
 
 
 2
 Lowe argues that the district court[1] erred in denying his motion for a mistrial. Lowe had moved for a mistrial after the government stated during its opening argument that Lowe was preparing large numbers of returns for many people, that he was obtaining large refunds for them, and that the IRS investigation disclosed "even more" people. The government also referred to refunds as "vast" amounts of money.
 
 
 3
 A district court's decision to grant or deny a motion for a mistrial may be reversed only for an abuse of discretion. See United States v. Hernandez, 779 F.2d 456, 458 (8th Cir. 1985). We think that the jury could have understood from the government's remarks that Lowe had prepared false returns for people in addition to the taxpayers listed in the indictment. Even assuming, however, that the government's remarks were improper, there was no reversible error unless, in light of the entire trial, the remarks were so offensive as to deny Lowe a fair trial. See id. at 460. In making this inquiry, we consider "(1) the cumulative effect of such misconduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative actions taken by the district court." Id. Upon our review of the record and consideration of these factors, we believe that the government's remarks did not deprive Lowe of a fair trial. We note especially that the district court told the jury during the instruction phase that Lowe was on trial only for the crimes charged and nothing else, and advised the jury that opening statements were not evidence. Because we believe that the government's statements did not rise to the level of reversible prosecutorial misconduct, we conclude that the district court did not abuse its discretion in refusing to grant a mistrial.
 
 
 4
 Lowe also argues that the district court improperly considered under U.S.S.G. § 1B1.3(a)(2) tax returns beyond those for which he was convicted when it calculated the total tax loss at sentencing, because the Sentencing Commission exceeded its authority in promulgating section 1B1.3(a)(2), and the provision is unconstitutional. This argument is foreclosed by our decision in United States v. Galloway, 976 F.2d 414 (8th Cir. 1992) (en banc), pet. for cert. filed, U.S.L.W. (U.S. Dec. 14, 1992) (No. ). Lowe nevertheless asks us to overrule Galloway. Even if we were inclined to do so, "a three-judge panel cannot overrule en banc precedent of this Court." Valdez v. Mercy Hosp., 961 F.2d 1401, 1404, n.4 (8th cir. 1992). Lowe's argument that the government failed to prove the existence of the relevant conduct was raised for the first time in his reply brief and is thus not properly before us. See United States v. Dall, 918 F.2d 52, 53 n.3 (8th Cir. 1990) (per curiam), cert. denied, 111 S. Ct. 981 (1991).
 
 
 5
 Accordingly, we affirm.
 
 
 6
 A true copy.
 
 Attest:
 
 7
 CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas