991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Steven Walter PUTNEY, Appellant.
 No. 92-3371.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 19, 1993.
Filed: April 28, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 After pleading guilty to having distributed controlled substances from December 1986 through January 1987, Steven Walter Putney was sentenced to five years imprisonment to be followed by four years of special parole. In United States v. Goslon-Peretz, 112 L.Ed.2d 919, 934 (1991), the Supreme Court held that "Congress ... intended narcotics offenders to receive supervised release [rather than special parole] for crimes committed between October 27, 1986, and November 1, 1987." The district court subsequently moved sua sponte under Fed. R. Crim. P. 35(a) to correct Putney's sentence. In so doing, the court added a number of conditions to his supervised release, including participation in an outpatient mental health program. Putney appeals the corrected sentence, arguing both that the change upset his interest in finality in the original sentence and that there was insufficient evidence to support the required participation in the outpatient mental health program. We affirm.
 
 
 2
 * Putney acknowledges the power of the district court to correct his sentence under rule 35(a), which then provided that a court "may correct an illegal sentence at any time."[1] Emphasizing the discretionary aspect of the authority granted by the old rule 35, Putney argues that the court was not required to correct the sentence and should not have done so because the corrected sentence violates the expectation of finality he had in his sentence. See Appellant's Brief at 5. Putney acknowledges that the corrected sentence does not violate double jeopardy, as this court indicated in United States v. Chippas, 942 F.2d 498 (8th Cir. 1991), but nonetheless asserts his interest in finality-language that evokes the issues surrounding double jeopardy. As the Fifth Circuit indicated in United States v. Crawford, 769 F.2d 253, 257 (5th Cir. 1985), cert. denied, 474 U.S. 1103 (1986), a "[d]efendant is charged with knowledge that his sentence, if illegally imposed, is subject to correction under [rule] 35(a). Under such circumstances, he has no expectation of finality in the sentence he receives." We therefore find that Putney's expectations of finality were not violated by correction of his sentence and that the district court acted within its discretion in correcting the illegal term of special parole.
 
 II
 
 3
 In addition to changing the term of special parole to a term of supervised release, the district court, at the request of the government, imposed the condition on Putney's supervised release that he participate in an outpatient mental health program. Putney argues that in so doing the district court delegated its duty to the three medical witnesses called by the government rather than making an independent assessment of the evidence presented. See Appellant's Brief at 5. Putney relies on the following statement by the district court:
 
 
 4
 Well, I've heard the evidence, and I am not qualified to make a diagnosis myself, and I certainly do not make one. I do have the testimony of three different mental health professionals that the defendant is probably in need of some contact with mental health professionals to deal with possible mental health conditions.
 
 
 5
 Tr. at 81. He further relies on the lack of a consensus diagnosis by the three medical professionals who had testified before the district court.
 
 
 6
 Putney's argument is without merit. The district court made the necessary finding that Putney is "in need of some contact with mental health professionals to deal with possible mental health conditions." Id. Having made that finding, the district court adopted the government's recommendation that Putney be monitored by mental health professionals on an outpatient basis three or four times a year. The district court was not obligated to determine a precise diagnosis, or any diagnosis, of Putney's condition. The court need simply determine that Putney would benefit from such monitoring, as it did, acting well within its discretion.
 
 III
 
 7
 Having found that the district court acted within its discretion both in substituting Putney's term of special parole with an equal term of supervised release and in imposing the condition on Putney's release that he participate in an outpatient mental health program, we affirm the order of the district court.
 
 
 
 [1]
 Fed. R. Crim. P. 35(a) was amended effective November 1, 1987