24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Edward Dean COOK, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-2981.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 5, 1994.
Filed: April 15, 1994.
 
 Before McMILLIAN, MAGILL and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edward Dean Cook appeals from the final order entered in the District Court[1] for the District of Minnesota, denying his 28 U.S.C. Sec. 2255 motion to vacate his sentence. Cook v. United States, No. CV 3-93-318 (D. Minn. July 26, 1993) (order). For the reasons discussed below, we affirm.
 
 
 2
 A jury convicted Cook of two counts of assaulting a federal officer with a dangerous weapon in violation of 18 U.S.C. Sec. 111, arising from two incidents at the Red Lake Indian Reservation. In June 1991, Cook led a Bureau of Indian Affairs (BIA) officer and a state patrol officer on a high speed chase through sections of the reservation, and ended in a residential section where a crowd had gathered. As the BIA officer exited his car, Cook allegedly hit him with a tire jack stand and fled. In August 1991, BIA officers spotted Cook and, in resisting arrest, Cook led the officers on another high speed chase. He then allegedly pointed a rifle at one of the officers.
 
 
 3
 At trial Cook denied striking the first officer with a tire jack stand and testified that he acted in self-defense after the officer ran after him with a baton. Some of Cook's witnesses testified that they saw the officer hit Cook in the head with his baton, that they did not see a tire jack stand, and that the crowd threw beer cans at the officers. However, the witnesses could not explain why the officer's arm bore marks resembling jagged edges of a tire jack. The district court gave Cook's proposed self-defense jury instruction, see Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit Sec. 9.04 (1992), as well as an instruction for lawful self-defense in a crime of forcible assault upon a federal officer. See 2 Edward J. Devitt et al., Federal Jury Practice & Instructions Sec. 23.12, at 49-50 (4th ed. 1990). Cook did not object to the additional instruction.
 
 
 4
 At sentencing, the district court granted the government's motion to depart upward based on Cook's likelihood of future misconduct and sentenced Cook to two concurrent 120-month terms of imprisonment and three years of supervised release. This court affirmed Cook's conviction and sentence. United States v. Cook, 972 F.2d 218 (8th Cir. 1992), cert. denied, 113 S. Ct. 991 (1993).
 
 
 5
 Cook moved to vacate his sentence, arguing that the indictment was defective because it was not signed by the grand jury foreperson or the United States Attorney; that he was not formally arraigned or permitted to enter a plea on the superseding indictment in violation of Fed. R. Crim. P. 10; that the self- defense jury instruction was defective in that the instruction compelled a guilty verdict as long as the jury found that Cook knew the alleged victims were law enforcement officers, and precluded a finding that Cook used self-defense to repel excessive force by the officers; that the district court impermissibly enhanced his sentence; that his trial counsel was ineffective for failing to challenge the defective indictment and object to the jury instruction; and that his appellate counsel was ineffective for failing to appeal the lack of arraignment, the deficiency in the indictment, the defective jury instruction, and the reasonableness of the upward departure of his sentence.
 
 
 6
 The district court concluded that, because the issues regard- ing the lack of arraignment, lack of an opportunity to enter a plea, and sentence enhancement were decided on direct appeal, Cook was precluded from raising those issues again. The district court concluded that the indictment had been properly signed. The district court further concluded that the self-defense instruction issue was procedurally barred: Cook should have raised the issue on direct appeal and Cook did not preserve the issue for review because he did not object to the instruction at trial. Further, the self-defense instruction was the standard instruction and accurately stated the law. Finally, the district court concluded that the ineffective assistance claims were without merit because Cook did not demonstrate prejudice. On appeal, Cook reiterates his arguments raised in the district court. Cook has moved to supplement the record on appeal.
 
 
 7
 First, Cook may not relitigate his arraignment and sentencing claims in this Sec. 2255 motion because the claims were raised and decided on direct appeal. See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam). Cook has not demonstrated that the ends of justice require reconsideration. See United States v. Griess, 971 F.2d 1368, 1373 (8th Cir. 1992) (per curiam) (likeli- hood of future criminal activity legitimate ground for upward departure under U.S.S.G. Sec. 4A1.3); United States v. Coffman, 567 F.2d 960, 961 (10th Cir. 1977) (lack of arraignment not reversible error absent showing of prejudice).
 
 
 8
 Second, Cook's jury instruction claim is procedurally barred. Cook did not object to the instruction at trial or raise the issue on direct appeal. Unless he can show cause and prejudice to excuse the default, the issue is barred. United States v. Frady, 456 U. S. 152, 167 (1982).
 
 
 9
 The standard for finding a jury instruction so prejudicial that it would support a collateral attack on the constitutional validity of a judgment requires an even greater showing than plain error on direct appeal. Id. at 166. In light of the evidence, including the high speed chase, the hostile crowd at the scene, the presence of a weapon, and Cook's statement that he "resisted [the officer]" and would "always resist him," we do not believe that the inclusion of the lawful self-defense instruction or the absence of a separate excessive force instruction fatally infected the trial with "error of constitutional dimensions." Id. at 170. Absent a finding of prejudice, we need not reach whether ineffective assistance of counsel constituted cause. Finally, Cook's other ineffective assistance claims are without merit. The arraignment and sentencing issues were decided on direct appeal and the indictment appears to have been properly signed.
 
 
 10
 Accordingly, we affirm the judgment of the district court. Cook's motion to supplement the record is granted.
 
 
 
 [1]
 The Honorable Robert G. Renner, Senior United States District Judge for the District of Minnesota