33 F.3d 57
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Dwight L. FORD, Appellant,
v.
Tim ROGERS, originally sued as Mr. Roger; W.H. Sargent,
Warden, Cummins Unit, Arkansas Department of Correction;
M.D. Biram, Hearing Officer, Arkansas Department of
Correction; B. Rotterree, originally sued as Officer B.
Rafferree, Appellees.
 No. 94-1198.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 1, 1994.
Filed: August 10, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Prison officials found Dwight L. Ford, an Arkansas prisoner then housed in the Cummins Unit, guilty of forging a medical "script" or "lay-in slip" after he presented the item to prison staff when he was asked to go to work. Ford filed this 42 U.S.C. Sec. 1983 suit claiming violations of his due process rights in connection with his disciplinary hearing. The district court[1] granted summary judgment in favor of defendants and dismissed Ford's suit. He appeals. We affirm.
 
 
 2
 Ford alleged in his complaint that he was found guilty because defendant Tim Rogers, a former infirmary manager at the Tucker Unit, neglected to place in Ford's medical file a copy of a lay-in slip Rogers had written for Ford before Ford's transfer. Ford also alleged that defendants denied him a witness statement from Rogers, and that he was innocent of the forgery charge. We review the district court's grant of summary judgment de novo, and view the facts in the light most favorable to the non-moving party. Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993), cert. denied, 114 S. Ct. 1049 (1994).
 
 
 3
 We conclude the district court correctly granted summary judgment for Rogers, because his alleged failure to file a lay-in slip amounted to negligence at most. See Daniels v. Williams, 474 U.S. 327, 330-33 (1986) (negligent injury to prisoner by prison officials not actionable under section 1983).[2]
 
 
 4
 We also conclude the court correctly granted summary judgment in favor of the remaining defendants (the officer who wrote the disciplinary, the hearing officer, and the warden). Ford did not have an absolute right to obtain a witness statement from Rogers. See Goff v. Dailey, 991 F.2d 1437, 1442 (8th Cir.), cert. denied, 114 S. Ct. 564 (1993) (citing Wolff v. McDonnell, 418 U.S. 539, 566 (1974)). Defendants indicated in their summary judgment motion that the disciplinary hearing was postponed so the hearing officer could request a witness statement from Rogers. The officer proceeded with the hearing only after he ascertained that Rogers no longer worked at Tucker. We see no due process violation.
 
 
 5
 Finally, we believe the disciplinary decision was supported by "some evidence" as required under Superintendent v. Hill, 472 U.S. 445, 455-56 (1985), based on statements in the disciplinary report. See Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (per curiam) (statements in prison official's disciplinary report constituted "some evidence"). The record also shows that the hearing officer relied on another officer's supporting witness statement and the lay-in slip itself.
 
 
 6
 We do not consider claims raised for the first time in Ford's reply brief. See United States v. Dall, 918 F.2d 52, 53 n. 3 (8th Cir. 1990) (per curiam), cert. denied, 498 U.S. 1094 (1991).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE H. DAVID YOUNG, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)
 
 
 [2]
 We also note that the lay-in slip Rogers allegedly neglected to file did not excuse Ford from work