51 F.3d 278
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Herbert J. Eagle THUNDER, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2094.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 16, 1994.
Filed: Dec. 12, 1994.
 
 Before MAGILL, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Herbert James Eagle Thunder appeals from the district court's[1] denial of his federal habeas petition filed under 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 In 1988, Eagle Thunder and Hobart Garneaux were charged by joint indictment with kidnapping and aggravated sexual abuse of an eleven-year-old girl and a nine-year-old boy. Eagle Thunder was convicted by a jury in the United States District Court for the District of South Dakota of two counts of aggravated sexual abuse under 18 U.S.C. Secs. 1153 and 2241. He did not testify at trial. He was sentenced to 365 months imprisonment. Eagle Thunder appealed his conviction to this court, and we affirmed his conviction, but remanded the case to the district court for resentencing. He was resentenced to 235 months imprisonment.
 
 
 3
 In 1992, Eagle Thunder brought a federal habeas action in the district court, arguing seven grounds for habeas relief. The district court denied his petition, and this appeal followed. Eagle Thunder argues that (1) he was prejudiced by the admission of evidence regarding his co-defendant's prior sexual abuse of a child; (2) he was deprived of the right to testify by the district court's denial of his severance motion; (3) he was unfairly prejudiced by the testimony of police officers; (4) he was deprived of the right to an impartial jury by the district court's voir dire; (5) he was deprived of his Confrontation Clause rights by the admission of the hearsay testimony of two witnesses, a social worker and psychologist; and (6) he was denied effective assistance of counsel.
 
 
 4
 Eagle Thunder's first two arguments were raised in his direct appeal to this court, and we found them meritless. Because these issues were disposed of on direct appeal, they cannot be raised again in a Sec. 2255 proceeding. See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992). His third, fourth and fifth arguments were not presented on direct appeal, and are procedurally barred unless Eagle Thunder can show cause and prejudice. See Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992), cert. denied, 113 S. Ct. 1351 (1993). Eagle Thunder has shown no cause or prejudice, and thus these claims are barred, and unreviewable in habeas.
 
 
 5
 Eagle Thunder's final argument, that he was denied effective assistance of counsel, is properly before this court. Having heard oral argument and having carefully considered the briefs and record regarding this claim, we conclude that no error of fact or law appears. We affirm the district court's denial of Eagle Thunder's habeas petition for the rationales set forth in the magistrate judge's well-reasoned report and recommendation. See 8th Cir. R. 47B.
 
 
 
 *
 The Honorable Daniel M. FRIEDMAN, Senior United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota, adopting the report and recommendation of the Honorable Mark A. Moreno, United States Magistrate Judge for the District of South Dakota