46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
John Allen JOHNSON, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2178.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 29, 1994.
Filed: Jan. 9, 1995.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Allen Johnson was convicted in 1990 of possessing cocaine base with intent to distribute, conspiring to possess cocaine base with intent to distribute, and using a firearm in connection with a drug trafficking crime. We affirmed his convictions and sentences on direct appeal. United States v. Johnson, 944 F.2d 396 (8th Cir.), cert. denied, 112 S. Ct. 646 (1991). Johnson later filed this 28 U.S.C. Sec. 2255 motion, which the district court denied. He appeals, and we affirm.
 
 
 2
 In reviewing the denial of a section 2255 motion, we review de novo the district court's conclusions regarding issues of law and mixed questions of law and fact; when there has been no evidentiary hearing, we may affirm only if we are persuaded that " 'the motion and the files and records of the case conclusively show that [the prisoner] is entitled to no relief.' " Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992) (quoting 28 U.S.C. Sec. 2255).
 
 
 3
 On appeal, Johnson argues that insufficient evidence supported his conspiracy conviction. He also argues that-because he had cooperated with the police, and because he allegedly helped them make controlled drug buys in the past-the government had entrapped him or was estopped from prosecuting him. Johnson failed to raise these issues on direct appeal, and he has not established cause for his failure to do so. See Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992), cert. denied, 113 S. Ct. 1351 (1993). Johnson also argues that his sentence should not have been enhanced for obstruction of justice, and that he should have received a minor- participant or acceptance-of-responsibility reduction. These arguments were unsuccessfully raised in his brief on direct appeal and thus cannot be relitigated in this motion. See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam).
 
 
 4
 Johnson also argues that a death threat he allegedly made against a witness during trial should not have been included in his presentence report (PSR). The sentencing court considered Johnson's factual objections to the PSR, and stated that the controverted matters would not be considered in sentencing Johnson, thus complying with Federal Rule of Criminal Procedure 32(c)(3)(D)(ii). Because this alleged threat did not affect Johnson's sentence, it is not a ground for setting aside his sentence. To the extent the inclusion of this alleged threat in the PSR affects the execution of Johnson's sentence or his conditions of confinement, any attempt to challenge or correct the PSR should be raised in a petition under 28 U.S.C. Sec. 2241 in the district of Johnson's confinement.
 
 
 5
 Finally, we reject as meritless Johnson's remaining Guidelines arguments, in which he focused on various Guidelines amendments dealing with relevant conduct.
 
 
 6
 The denial of Johnson's motion is affirmed.