46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George Edward PATRICK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5903.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1995.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 George Edward Patrick appeals pro se from a district court judgment that denied a motion to vacate, correct or set aside his sentence under 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, Patrick's state probation officer received information which indicated that he was distributing firearms and drugs. The probation officer, accompanied by several state police officers, conducted a warrantless search of Patrick's home and discovered a quantity of marijuana and several pistols. A federal jury subsequently convicted Patrick of possessing marijuana for intended distribution and using or carrying a firearm during a drug trafficking crime, violations of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 924(c)(1). He is now serving an aggregate term of 68 months of imprisonment and 4 years of supervised release as a result of these convictions.
 
 
 4
 In his Sec. 2255 motion, Patrick alleged only that he was denied effective assistance of counsel at trial. The district court construed the motion as raising six arguments in support of this claim. Patrick argued that his attorney failed: 1) to object to his prosecution in federal court; 2) to move for suppression of evidence that was seized after his arrest; 3) to object to the use of this evidence at trial; 4) to call certain witnesses for the defense; 5) to object to alleged prosecutorial misconduct; and 6) to object to the trial court's jurisdiction. On June 27, 1994, the district court adopted a magistrate judge's recommendation and denied the motion. It is from this judgment that Patrick now appeals.
 
 
 5
 To prevail under Sec. 2255, Patrick must demonstrate a fundamental defect in the proceedings which was so egregious that it resulted in a violation of due process or a complete miscarriage of justice. See Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). A de novo review of the record shows that Patrick's motion was properly dismissed because he has not met this standard.
 
 
 6
 To establish ineffective assistance of counsel, Patrick must show that his attorney's performance was deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). The grounds alleged in support of Patrick's Sixth Amendment claim all lack substantial merit. Therefore, Patrick's attorney was not deficient in a constitutional sense for failing to pursue these issues at trial. See United States v. Morrow, 977 F.2d 222, 229-30 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 2969 (1993).
 
 
 7
 Patrick first argues that his attorney did not object to his prosecution in federal court. He argues that federal prosecution violated his right to equal protection because two similarly-situated individuals were prosecuted in state court. However, the district court specifically found that the decision to prosecute Patrick in federal court was not based on his membership in a protected class or on the exercise of a fundamental right. Patrick does not dispute this finding, and he has not shown that his prosecution was initiated in bad faith or for an improper reason. See United States v. Davis, 15 F.3d 526, 529-30 (6th Cir.1994). In his Sec. 2255 motion, Patrick argued that federal prosecution subjected him to harsher penalties and the possibility of forfeiture. However, consideration of these factors is permissible and they provide a rational basis for the decision to prosecute Patrick in federal court. See United States v. Allen, 954 F.2d 1160, 1166 (6th Cir.1992). Hence, Patrick was not denied effective assistance of counsel as he has not suggested a plausible basis for his equal protection claim.
 
 
 8
 Patrick argues that his attorney did not move for suppression of evidence that was seized after his arrest. He contends that his attorney should have argued that the probation officer exceeded the scope of his authority by continuing the search after he was arrested. However, defense counsel did move to suppress all of the evidence that was seized from Patrick's home, on the grounds that the probation officer did not have a reasonable basis for conducting the search as a whole. This argument was ultimately rejected by the trial court and that ruling was considered and affirmed by this court on appeal. The district court properly determined that this decision precludes the Sixth Amendment claim that Patrick now raises, even though his current argument focuses exclusively on the evidence that was discovered after his arrest. See Dall v. United States, 957 F.2d 571, 572 (8th Cir.1992) (per curiam); cf. Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987).
 
 
 9
 Patrick also argues that counsel failed to object to the introduction of this evidence at trial. He contends that counsel should have objected on grounds of relevancy to the introduction of gun holsters, ammunition and a large sum of money that was found after his arrest. This argument is patently frivolous in light of the charges that Patrick faced.
 
 
 10
 Patrick argued that his attorney failed to call certain witnesses to establish that the guns actually belonged to his co-defendant and sister. However, it appears that defense counsel did call Patrick's co-defendant as well as his sister and that these witnesses testified that they owned the disputed firearms. In light of this direct testimony, it cannot be said that counsel committed error of constitutional dimensions by failing to call collateral witnesses to testify to the same effect. See United States v. Hughes, 635 F.2d 449, 452-53 (5th Cir.1981). Additionally, we note that it is not necessary to prove ownership of a firearm to support a violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 11
 Patrick's co-defendant testified that he brought a gun into the house without Patrick's knowledge only a short time before the search. Patrick now argues that his counsel did not effectively cross-examine one of the arresting officers who rebutted this testimony by testifying that the gun was covered with dust. He argues that the prosecution knew that the rebuttal testimony was false because it was inconsistent with the officer's prior testimony. The district court properly found that these conclusory arguments were not sufficient to support a Sixth Amendment claim regarding the effective assistance of counsel. See Morrow, 977 F.2d at 229-30; United States v. Lawson, 947 F.2d 849, 853 (7th Cir.1991), cert. denied, 112 S.Ct. 1505 (1992).
 
 
 12
 In his motion, Patrick argued summarily that the federal court lacked territorial jurisdiction. However, he has abandoned this claim by failing to raise it in his brief on appeal. See United States v. Williams, 993 F.2d 1224, 1227 (6th Cir.1993).
 
 
 13
 Finally, it is noted that Patrick requested an evidentiary hearing in his motion. The district court's decision to deny a Sec. 2255 motion without an evidentiary hearing is reviewed for an abuse of discretion. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). The court did not abuse its discretion here because Patrick's allegations would not have provided a basis for relief if they were proven at the hearing and also because the existing record was adequate to resolve his claims. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 14
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation