48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Albert W. KOUBA, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2220.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 13, 1995.
Filed: Feb. 10, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 A jury found Albert W. Kouba guilty of conspiring to defraud the United States and willfully attempting to evade income tax. We affirmed his convictions on direct appeal. United States v. Kouba, No. 92-2531 (8th Cir. Jan. 5, 1993) (unpublished per curiam). Kouba then filed this 28 U.S.C. Sec. 2255 motion arguing that he was denied effective assistance of counsel; that the district court lacked jurisdiction to convict him; that the evidence was insufficient to convict him; that the indictment should have been dismissed because of governmental misconduct; that he was denied his Sixth Amendment right "to have witnesses in his favor"; that there was no record of the "grand jury's vote to indict"; and that he was denied counsel at a hearing regarding his removal from North Dakota to South Dakota following his arrest. The district court[1] summarily denied the motion. Kouba appeals, and we affirm.
 
 
 2
 This court reviews Kouba's ineffective assistance claims de novo. See Iron Wing v. United States, 34 F.3d 662, 664 (8th Cir. 1994). Although Kouba sued his attorney and reported him to the state bar prior to trial, the circumstances here do not indicate a conflict of interest precluding effective assistance of counsel. Any communication problems between Kouba and his counsel were caused by Kouba's constant disagreements over defense strategies; the record indicates that Kouba's counsel continued to zealously represent him despite such difficulties. See Carter v. Armontrout, 929 F.2d 1294, 1299-1300 (8th Cir. 1991) (fact that defendant filed Sec. 1983 action alleging his attorney was not doing her job did not give rise to conflict of interest resulting in ineffective assistance, absent evidence that defendant was unable to communicate with or assist attorney after filing suit or that attorney did anything contrary to defendant's wishes); cf. United States v. Swinney, 970 F.2d 494, 499 (8th Cir.) (no irreconcilable conflict or breakdown in communication requiring substitution of counsel, even though defendant and his attorney differed on trial tactics and expressed frustration with each other; attorney continued zealous representation despite abrasive relationship, which was caused by defendant's own conduct), cert. denied, 113 S. Ct. 632 (1992). Kouba is not entitled to relief on his other claims of ineffective assistance, as his counsel's performance was not "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984).
 
 
 3
 We agree with the district court that Kouba's jurisdictional arguments are frivolous. Kouba's remaining claims either were considered and rejected by this court on direct appeal and cannot be raised again in a section 2255 proceeding, see Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam), or are not the types of claims cognizable under section 2255, see Houser v. United States, 508 F.2d 509, 514-15 (8th Cir. 1974).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John B. Jones, United States District Judge for the District of South Dakota