# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1183

_____

Nellie M. Muchen,                    *
                                     *
            Appellant,               *
                                     *
    v.                               *
                                     *
Hopewell Center, Inc.,               *    Appeal from the United States
                                     *    District Court for the
            Appellee,                *    Eastern District of Missouri.
                                     *
Dr. Amanda Murphy; Dr. Janice        *          [UNPUBLISHED]
VanBuren,                            *
                                     *
            Defendants.              *

_____

Submitted:  June 29, 1999

Filed:  July 12, 1999

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Nellie M. Muchen appeals from the district court's[1] grant of summary judgment in favor of Hopewell Center, Inc. (Hopewell), in her employment discrimination suit. Ms. Muchen argues that the court should have allowed her to submit the audiotapes of her deposition as part of her response to Hopewell's summary judgment motion, which used deposition transcript excerpts; that the court did not comply with Federal Rule of Civil Procedure 56(c) because it did not give notice of its intent to rule on the summary judgment motion; and that several submissions included in Hopewell's supporting evidence did not comply with Federal Rule of Civil Procedure 56(e). Ms. Muchen argues in her reply brief that a genuine issue of material fact existed as to whether Hopewell's proffered reason for discharging her was pretextual.

First, Ms. Muchen does not explain how she was prejudiced by the court's denial of her request to submit the audiotapes. Although Ms. Muchen contends the deposition transcript contained errors, and she provides a transcript page containing the "most damaging" error, her corrective alterations on that page make no substantive change to the content of the deposition. Moreover, the district court did not refer to that portion of the deposition in its seventeen-page summary judgment order.

Second, the district court did not abuse its discretion in proceeding to rule on Hopewell's summary judgment motion. See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 113 F.3d 1484, 1489-90 (8th Cir. 1997) (determination that claim is ripe for summary judgment is reviewed for abuse of discretion; Rule 56(c) does not require completion of discovery before court may grant summary judgment to litigant). We note Ms. Muchen had filed a document opposing the motion (though without supporting evidence), and she did not request an extension in which to file

[1]The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

supporting evidence.  See Fed. R. Civ. P. 56(f); Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 797 (8th Cir. 1996) (upon filing of affidavit, court may refuse application of judgment or order continuance).

Third, Ms. Muchen complains that her former supervisor's affidavit was hearsay because it was not based on personal knowledge and that two other affidavits were not notarized, and thus the court erred in relying on them to support summary judgment. Ms. Muchen does not identify the purported hearsay statements, and none is apparent. See Fed. R. Evid. 801(c).  Furthermore, the record reveals that each of the other two affidavits has a second page indicating notarization.

Finally, even assuming Ms. Muchen's argument that there was a genuine issue of fact concerning pretext is properly before us, see United States v. Dall, 918 F.2d 52, 53 n.3 (8th Cir. 1990) (per curiam) (issue raised for first time in reply brief not properly before court), cert. denied, 498 U.S. 1094 (1991), we believe the district court correctly granted summary judgment to Hopewell.  There is no evidence in the record which supports an inference that Hopewell's reason for discharge was pretextual and that the real reason was intentional discrimination.  See Hill v. St. Louis University, 123 F.3d 1114, 1119-20 (8th Cir. 1997) (explaining burden-shifting analysis applicable to sex and age discrimination cases; Title VII and Age Discrimination in Employment Act do not prohibit employment decisions based on poor job performance or "unsound business practices").

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-