**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-20023
(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARTHA MARIE PRESTON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

May 1, 2000

Before EMILIO M. GARZA, STEWART and DENNIS, Circuit Judges.

PER CURIAM:

Martha Marie Preston appeals the district court's denial of her motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. We granted a certificate of appealability on two issues: (1) whether Preston was properly sentenced to twenty years for aiding and abetting in the distribution of cocaine; and (2) whether her attorney was ineffective for failing to raise this issue at sentencing or on direct appeal.

Preston was convicted by a jury of four offenses, only one of which is at issue here: based

on conduct she engaged in on February 25, 1987, she was convicted of aiding and abetting in the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). She was sentenced for this offense to the twenty-year maximum punishment under 21 U.S.C. § 841(b)(1)(C).

On October 27, 1986, prior to the commission of Preston's offense, Congress enacted the Anti-Drug Abuse Act ("ADAA"), which amended parts of § 841. *See* Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207 (codified as amended in 21 U.S.C. § 841). Section 1002 of the ADAA, which contained no express effective date, increased the statutory maximum sentence for offenses involving lesser amounts of cocaine from fifteen to twenty years. *Compare* 21 U.S.C. § 841(b)(1)(C) (1988) *with* 21 U.S.C. § 841(b)(1)(B) (Supp. 1986). Preston argues that she should have been sentenced under the pre-amendment statute and its fifteen-year maximum, rather than under the amended version with its twenty-year maximum.[1]

In *Gozlon-Peretz v. United States*, 498 U.S. 395, 111 S. Ct. 840, 112 L. Ed. 2d 919 (1991), the Supreme Court considered a similar issue regarding another provision of § 1002. See *id.* at 403, 111 S. Ct. at 846, 112 L. Ed. 2d at __. The Court noted that other sections of the ADAA, including § 1004, expressly provided for a delayed effective date of November 1, 1987. *See id.* at 403-08, 111 S. Ct. at 846-48, 112 L. Ed. 2d at __ (noting that there was not "an effective date specified for the ADAA as a whole"). Invoking the principles that "absent a clear direction by Congress to the contrary, a law takes effect on the date of its enactment," *id.* at 404, 111 S. Ct. at 846, 112 L. Ed. 2d at __, and that "[w]here Congress includes particular language in one section of a statute but omits

---

[1]  Generally, retrospective application of a criminal law which would prejudice a defendant is prohibited by the *Ex Post Facto* Clause. *See United States v. Richards*, — F.3d —, 2000 WL 146318, at *32 (5th Cir. Feb. 9, 2000) ("A law violates the Ex Post Facto Clause if (1) it 'appl[ies] to events occurring before its enactment,' and (2) it 'disadvantage[s] the offender affected by it by altering the definition of criminal conduct or increasing the punishment for his crime.'") (alterations in original) (quoting *Lynce v. Mathis*, 519 U.S. 433, 441, 117 S.Ct. 891, 896, 137 L.Ed.2d 63, __ (1997)).

-2-

it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion,"*id.* at 404, 111 S. Ct. at 846, 112 L. Ed. 2d at __ (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 300, 78 L. Ed. 2d 17, __(1983), the Court held that § 1002's amendments applied on enactment, *see id.* at 409, 111 S. Ct. at 849, 112 L. Ed. 2d at __.

Several other courts have applied *Gozlon-Peretz* to conclude that other portions of §1002 became effective on October 27, 1986. *See United States v. Young*, 975 F.2d 1537, 1540 (11th Cir. 1992) (stating, in another context, that "section 1002 of the Anti Drug Abuse Act ("ADAA") became effective on its date of enactment, October 27, 1986"); *United States v. Harris*, 959 F.2d 246, 257 (D.C. Cir. 1992) (reiterating that *Gozlon-Peretz* holds that "section 1002 became effective in its entirety when it was enacted on October 27, 1986"); *United States v. Chippas*, 942 F.2d 498, 500 (8th Cir. 1991) ("[S]ection 1002 of the Anti-Drug Abuse Act of 1986 . . . became effective on the date of the ADAA's enactment, October 27, 1986."). Preston offers no means of distinguishing these cases or *Gozlon-Peretz*. Instead, we apply *Gozlon-Peretz* and hold that because the sentencing amendment in § 1002 contains no effective date, it became effective on its October 27, 1986 enactment. Thus, the court properly applied the twenty-year statutory maximum in § 841(b)(1)(C) to Preston.[2]

Preston's ineffective assistance claim depends on her claim that the twenty-year maximum was improperly applied to her. Because Preston's sentence was proper, her counsel was not ineffective

---

[2]     Our pre-*Gozlon-Peretz* precedent supports this result. In *United States v. Robles-Pantoja*, 887 F.2d 1250 (5th Cir. 1989), decided before *Gozlon-Peretz*, we addressed an earlier case's holding that parts of § 1002 relating to supervised release were not effective on enactment. *See id.* at 1258 (discussing *United States v. Byrd*, 837 F.2d 179 (5th Cir. 1988)). Although that earlier holding was subsequently reversed by *Gozlon-Peretz*, we limited the holding to the supervised release context and held that other parts of § 1002 were effective on their enactment date. *See id.*

for not challenging imposition of the twenty-year maximum at trial or on appeal. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").

Therefore, we AFFIRM the district court's denial of Preston's § 2255 motion. Because her claims lack merit, we also DENY appointment of appellate counsel. *See* 18 U.S.C. § 3006A(a)(2); *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation.").