92 F.3d 1189
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
 Melvin ANDERSON, Appellant,
v.
R.H. RISON, Warden, USMCFP, Springfield, MO; S.D. Paciorek;
G. Klingingner, Appellees.
 No. 95-2479.
 United States Court of Appeals, Eighth Circuit.
 Submitted July 16, 1996.
Filed July 26, 1996.
 
 Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Melvin Anderson, a federal prisoner, appeals from the district court's order denying Anderson leave to proceed in forma pauperis (IFP) and dismissing without prejudice his complaint alleging violations of his civil rights in this Bivens[1] action. We reverse and remand for further proceedings.
 
 
 2
 Anderson alleged that federal prison officials and physicians unlawfully detained him in the United States Medical Center for Federal Prisoners at Springfield (USMCFP), placed him in a seclusion stripped cell for four days which was lighted twenty-four hours a day and had a video camera, and placed him in a four-point restraint, seized blood, and force-fed him without his consent for the purpose of punishing him and murdering him. As part of an initial review under 28 U.S.C. § 1915(d), the magistrate judge ordered defendants to show cause why leave to proceed IFP should be denied.
 
 
 3
 In response, defendants submitted affidavits from a USMCFP staff attorney and physician attesting to the circumstances under which Anderson was transferred, placed in a seclusion cell, force-fed, and restrained for the purpose of administering medical tests. The district court concluded Anderson's claims were frivolous, denied him leave to proceed IFP, and dismissed the complaint without prejudice.
 
 
 4
 We conclude that the district court acted improperly when it ordered defendants to show cause why IFP status should be denied, and then considered (and credited) documentary evidence and affidavits submitted in response, to determine whether Anderson's claims were frivolous. A decision to grant leave to proceed IFP is to be decided initially on the basis of the complaint; if the complaint is frivolous, it should be dismissed out of hand. Gentile v. Missouri Dep't of Corrections & Human Resources, 986 F.2d 214, 217 (8th Cir.1993). If the complaint is not frivolous or malicious, IFP status should be granted, and process issued and served. Id. The complaint did not contain "claim[s] based on an indisputably meritless legal theory" or present "claims whose factual contentions [were] clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (8th Cir.1992).
 
 
 5
 Accordingly, we conclude the district court abused its discretion in denying Anderson leave to proceed IFP, and dismissing without prejudice Anderson's complaint. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (standard of review). In light of our disposition of this appeal, Anderson's motion for production of documents is moot.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)