_____

No. 95-3055
_____

Michael Ladd,                          *
                                       *
          Appellant,                   *
                                       *
     v.                                *
                                       * Appeal from the United States
Cranston Mitchell; Betty Day;          * District Court for the
Robert Newsome; Victoria Myers;    *     Western District of Missouri.
Anthony Spillers; Paul Herman;         *          [UNPUBLISHED]
Denis Agniel; Douglas Pimm;            *
Marilyn Cleary; Dora Schriro,          *
                                       *
          Appellees.                   *

_____

                    Submitted: July 5, 1996

                      Filed: July 30, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____


PER CURIAM.


     Michael Ladd, a Missouri inmate, appeals the district court's[1]
dismissal of his 42 U.S.C. § 1983 action.  We affirm.


     While on parole in Missouri in 1986, Ladd was arrested on pending
Kansas charges.  After he posted bail, the Missouri Board of Probation and
Parole ordered Ladd's arrest on a parole violator warrant, and Ladd
subsequently was given a preliminary probable cause hearing to revoke his
parole; Ladd was not, however, given a final revocation hearing prior to
his extradition to Kansas.  Ladd subsequently served time in Kansas until
1993.  Upon his 1993 Kansas parole, he was returned to Missouri pursuant
to a Missouri

_____

     [1]The Honorable Scott O. Wright, United States District Judge
for the Western District of Missouri, adopting the report and
recommendation of the Honorable William A. Knox, United States
Magistrate Judge for the Western District of Missouri.

parole detainer.  Ladd was then given a final revocation hearing and his Missouri parole was revoked.  Ladd alleged that because defendants denied him a final revocation hearing within a reasonable time of his 1986 arrest,[2] he was deprived of 2,436 days of his liberty (the time he served in Kansas) without due process, in that (1) he was denied "his right" to concurrent sentencing on his Kansas and Missouri sentences, and (2) he was classified as an "absconder" upon the final revocation of his Missouri parole, resulting in the denial of credit towards his Missouri sentence for the time he served in Kansas.  Ladd requested damages and declaratory relief.

Concluding that Ladd's claim was not actionable in light of Heck v. Humphrey, 114 S. Ct. 2364 (1994), the district court dismissed the action.

We agree with the district court that, under the requirements of Heck, Ladd's suit is not actionable.  Ladd's suit challenges the duration of his confinement because his damages claim is based on the premise that, due to defendants' actions regarding the revocation of his parole, the length of his Missouri sentence has not been reduced by the amount of time he spent incarcerated in Kansas.  See Heck v. Humphrey, 114 S. Ct. at 2372 (if judgment in favor of prisoner "would necessarily imply the invalidity of his conviction or sentence," complaint must be dismissed unless prisoner demonstrates conviction or sentence has already been invalidated); cf. Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (Heck precluded action that would have implied invalidity of denial of parole and thus was challenge to duration of confinement).

---

[2]See Morrissey v. Brewer, 408 U.S. 471, 487-88 (1972).

The district court's dismissal is modified to be without prejudice. See Sheldon v. Hundley, 83 F.3d 231, 234 (8th Cir. 1996). The judgment is otherwise affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.