_____

No. 95-3444
_____

Anthony Devose,                              *
                                             *
          Appellant,                         *
                                             *
     v.                                      *
                                             *
David Rittenhouse, CO-1,                     *
Diagnostic Unit, Arkansas                    *
Department of Correction; James   *  Appeal from the United States
Massey, CO-1, Diagnostic Unit,               *  District Court for the
Arkansas Department of                       *  Eastern District of Arkansas.
Correction; A. L. Lockhart,                  *         [UNPUBLISHED]
Arkansas Department of                       *
Correction; Willis H. Sargent,               *
Warden, Diagnostic Unit,                     *
Arkansas Department of                       *
Correction; John Byus, Medical               *
Services Adm.,                               *
                                             *
          Appellees,                         *
                                             *
PHP Healthcare Corporation,                  *
originally sued as PHP                       *
Healthcare Services,                         *
                                             *
          Defendant.                         *
                                  _____

                   Submitted:  July 1, 1996

                       Filed:  July 30, 1996
                                  _____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
                                  _____


PER CURIAM.


     Anthony Devose, an Arkansas inmate, appeals from the district
court's[1] dismissal of his 42 U.S.C. § 1983 claim against various

_____

[1]The Honorable William R. Wilson, Jr., United States District
Judge for the Eastern District of Arkansas, adopting the report and
recommendations of the Honorable John F. Forster, Jr., United
States Magistrate Judge for the Eastern District of Arkansas.

prison officials for violating his Eighth Amendment rights. Devose alleged that he was beaten with a broken broom handle by a fellow inmate, that defendants made no effort to stop the attack, and that as a result he suffered severe and permanent injuries. We affirm.

After an evidentiary hearing before a magistrate judge, the district court found Devose was beaten by another inmate with a metal-tipped mop handle and defendant correctional officers were on duty, present, and alert in Devose's barracks at the time. The court determined that defendant officers had no warning of the attack and responded as quickly as possible; their inability to prevent the harm to Devose resulted from the rapidity with which events took place. The court further concluded that there was no clear evidence that Devose's attacker presented a risk to Devose of which defendants should have been aware.

As Devose did not request a jury trial, we review "the district court's findings of fact made after the court's de novo review of the magistrate judge's findings under the clearly erroneous standard," Choate v. Lockhart, 7 F.3d 1370, 1373 n.1 (8th Cir. 1993), and its legal conclusions de novo, see Whitmore v. Gaines, 24 F.3d 1032, 1033 (8th Cir. 1994). The district court did not clearly err in determining defendant officers responded as quickly and as reasonably as they could. The court credited defendants' testimony that when the officers heard the first crack of the mop handle they ran to help Devose while ordering his attacker to stop, and that they both yelled for help and received it without delay. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (trial judge's finding based on decision to credit testimony virtually never clear error). It was uncontroverted that the officers had no warning and that the attack was brief. In light of these findings, the district court correctly concluded that defendants did not violate Devose's Eighth Amendment rights. Cf. Farmer v. Brennan, 114 S. Ct. 1970, 1982-83 (1994) (prison officials aware of a substantial risk to inmate safety may be free

from liability if they responded reasonably to risk).  Devose's contention that prison policy required the mop be secured proves nothing more than negligence, which is insufficient to support an Eighth Amendment claim. See Falls v. Nesbitt, 966 F.2d 375, 377-78, 380 (8th Cir. 1992) (prison official's violation of internal regulation does not give rise to Eighth Amendment claim unless inmate shows something more than inadvertence or negligence).

We deny Devose's motion for appointment of counsel on appeal.

The district court's judgment is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.