_____

No. 95-3146
_____

James F. Shaw,                        *
                                      *
        Plaintiff-Appellant,          *
                                      *  Appeal from the United States
     v.                               *  District Court for the
                                      *  District of South Dakota.
United States of America,             *
                                      *     [UNPUBLISHED]
        Defendant-Appellee.           *

_____

            Submitted:  June 10, 1996

              Filed:  August 1, 1996
_____

Before BOWMAN, LAY, and LOKEN, Circuit Judges.

_____

PER CURIAM.


     In 1986, James F. Shaw was convicted of seven counts of carnal
knowledge with his eleven-year-old foster daughter under 18 U.S.C. §§ 1153,
2032 (1982 & Supp. IV 1986).  This court affirmed his conviction.  See
United States v. Shaw, 824 F.2d 601 (8th Cir. 1987), cert. denied, 484 U.S.
1068 (1988).  Shaw sought to introduce testimony from several boys as to
their prior sexual activities with the girl.  This testimony was offered
under an exception to the federal rape-shield law that allowed evidence of
prior sexual activity of an alleged victim as an alternative explanation
for the victim's "injury."  See Fed. R. Evid. 412(b)(2)(A) (1986).  The
trial court excluded the testimony.  On direct appeal, this court rejected
Shaw's argument that the testimony should have been admitted, finding that
the condition of the girl's hymen--described as penetrated, stretched, or
widened--did not constitute an "injury" within the meaning of Fed. R. Evid.

412.[1]  _Shaw_, 824 F.2d at 605.  This court also found Shaw waived his argument for the admission of the evidence as constitutionally required and as an alternative explanation for the girl's sexual knowledge and venereal disease.  _Id._ at 603 n.2, 606 n.6.[2]

Shaw has now filed a 28 U.S.C. § 2255 motion seeking to set aside his conviction contending his trial counsel was constitutionally deficient for failing to offer the testimony on the basis of his constitutional right to defend himself.  As we have discussed in note 2, _supra_, we find Shaw did raise the claim during trial and the trial court ruled on it, but we nonetheless review his claim that the evidence should have been admitted.

Shaw argues this testimony was constitutionally required to be admitted as an alternative explanation for the condition of the girl's hymen, the girl's sexual knowledge, and the girl's venereal disease.  The district court initially rejected Shaw's claim for

---

[1]Fed. R. Evid. 412(b)(2)(A) (1986) provided for the admission of "evidence of . . . past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury[.]"  In 1994, Fed. R. Evid. 412 was amended to provide that such evidence may be admitted to show "a person other than the accused was the source of semen, injury _or other physical evidence_[.]"  Fed. R. Evid. 412(b)(1)(A) (1995) (emphasis added).  _See also_ _United States v. Begay_, 937 F.2d 515, 523 n.10 (10th Cir. 1991).

[2]The magistrate judge quotes from the original trial transcript showing that Shaw's counsel did raise the constitutional issue at the trial and on appeal.  He did not, however, raise the constitutional issue under Rule 412 in any pre-trial written motion as required by Fed. R. Evid. 412(c) (1986).  Nonetheless, the trial judge rejected the evidence on its merits.  Under the circumstances it is difficult to find that Shaw's counsel was deficient in failing to raise the constitutional issue or that there existed any prejudice even if he did not timely raise it.  Nonetheless, since this court did not review this issue on direct appeal because it found that Shaw's counsel waived the issue, we feel Shaw and his counsel are entitled to a review on the merits of claim under the petition now filed.  As we discuss, we conclude that this evidence was highly speculative and not relevant.  Under the circumstances, the trial court's rejection of it was not in error.

relief, but this court remanded for an evidentiary hearing. Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994). Following the hearing, in which several of the boys gave testimony, both the magistrate judge and the district court rejected Shaw's claim for relief. Shaw appeals; we now affirm the dismissal of his § 2255 petition.

The testimony given at the § 2255 evidentiary hearing shows that, at best, the boys' testimony as to their alleged sexual acts with the girl would have been minimally relevant and highly speculative at the trial. Almost all of the alleged sexual acts concerning these boys occurred two to three years before the charged conduct against Shaw. None of the boys testified to full or repeated penetration of the girl's vagina. None of the boys testified as to ejaculating during their alleged sexual acts with the girl. None of the boys had venereal disease at the time of the alleged acts. Thus, this testimony could not have explained the condition of the girl's hymen, her venereal disease, or the full extent of her sexual knowledge. Nor would the existence of sexual activities with these boys provide any basis, under the facts of this case, for concluding that the girl was confused or fabricated her testimony about the ongoing sexual abuse by Shaw. Under these circumstances, we think the district court properly found that this evidence was not relevant to the case, and thus Shaw had no constitutional right to introduce the boys' testimony.

Furthermore, whatever relevance the boys' testimony may have had is outweighed by the legitimate governmental interests in avoiding the confusion, prejudice, and harassment likely to result from introduction of the boys' testimony. See Michigan v. Lucas, 500 U.S. 145, 149 (1991); see also Rock v. Arkansas, 483 U.S. 44, 61 (1987); Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); United States v. Bear Stops, 997 F.2d 451, 454-58 (8th Cir. 1993). The girl strongly disputes the boys' testimony about the alleged sexual acts, and the government has attacked the boys' credibility.

One of the boys who testified at the § 2255 hearing testified that Shaw asked him to fabricate allegations about the girl.  In <u>Bear Stops</u>, this court found that "uncontroverted" evidence about an incident of sexual abuse of the victim, contemporaneous with the alleged abuse in that case, was constitutionally required to be admitted because it was highly relevant as an alternative explanation for the victim's "behavioral manifestations of a sexually abused child" and for the victim's bloody underwear.  <u>Id.</u> at 457.  By contrast, the evidence in this case is minimally relevant and controverted, and thus we conclude the potential for confusion, prejudice, and harassment at the trial substantially outweighs Shaw's rights to present the evidence.

Finally, the boys' testimony provides no basis for believing that the outcome of the case would have been different if such testimony had been presented to the jury.  The magistrate judge found the boys' testimony was not credible.  As we have discussed, the boys' testimony, even if believed, was of little probative value on the key issues in the case.  Furthermore, the boy who testified that Shaw asked him to fabricate allegations also denied engaging in any sexual acts with the girl and stated that he saw Shaw having intercourse with the girl.  Under these circumstances, we cannot find a reasonable probability that the result of the proceeding would have been different if the boys' testimony had been admitted, nor is our confidence in the outcome of the trial undermined by the proffered testimony.

For the foregoing reasons, the judgment is AFFIRMED.

A true copy.

Attest:

    CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.