**UNITED STATES of America, Plaintiff,**

**v.**

**Joseph Patrick TAPIO, Jr. a/k/a Jody Tapio, Defendant.[1]**

No. Civ.97–3053.
CR 96–30067.

United States District Court,
D. South Dakota,
Central Division.

Feb. 12, 1998.

---

1. Unlike a habeas corpus petition filed under 28 U.S.C. § 2254, which names the person or agency with custody over the petitioner as the party respondent, the 28 U.S.C. § 2255 motion retains the *"United States v. [Movant]"* caption used in the criminal proceedings under attack. *See* Advisory Committee Note to Rule 4 of the Rules Governing § 2255 Proceedings ("there is no respondent involved in the [ § 2255] motion (un-

like habeas) and the United States Attorney, as prosecutor in the case in question, is the most appropriate one to defend the judgment and oppose the motion"). The fact that many § 2255 cases are reported with the prior criminal caption reversed—i.e. as *"[Movant] v. United States"*—indicates that courts do not attach a great deal of importance to this requirement.

Mikal G. Hanson, Asst. U.S. Atty., Pierre, SD, for plaintiff United States of America.

Joseph Patrick Tapio, Jr., Oxford, Wisconsin, pro se.

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATIONS

KORNMANN, District Judge.

The defendant filed a "Habeas Corpus Motion" pursuant to 28 U.S.C. § 2255, Doc. 33. The Court referred the action to U.S. Magistrate Judge Mark A. Moreno, Doc. 36. Magistrate Moreno submitted his Report and Recommendations, Doc. 37, to the Court on January 27, 1998. A copy of the Report and Recommendations was served upon the plaintiff and defendant as required by 28 U.S.C. § 636. Defendant has filed no objections to the Report and Recommendations.

The Court has made a de novo determination that the findings and recommendations of the magistrate judge should be accepted and the case dismissed.

Now, therefore,

IT IS ORDERED:

(1) The Report and Recommendation of the U.S. Magistrate Judge dated January 27, 1998, Doc. 37, shall be and is hereby adopted as the Findings of Fact and Conclusions of Law of this Court.

(2) The defendant's Petition/Affidavit for Leave to Proceed *In Forma Pauperis,* Doc. 34, is granted.

(3) The defendant's request for court-appointed counsel and for an evidentiary hearing, Doc. 33 at 3–4, is denied.

(4) The defendant's "Habeas Corpus Motion" is hereby denied in all respects and dismissed with prejudice.

## REPORT & RECOMMENDATIONS FOR DISPOSITION

MORENO, United States Magistrate Judge.

### INTRODUCTION

The above-captioned matter was referred to this Court by the District Court [2] pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of determining defendant, Joseph P. Tapio's (hereinafter Tapio) eligibility to proceed in *forma pauperis,* conducting any necessary hearings, including evidentiary hearings, and submitting to it proposed findings of fact and recommendations for disposition of the matter. Docket No. 36.

After careful review of the records on file and based on the totality of the circumstances present, this Court does now make and propose the following findings of fact, report and recommendations for disposition.

### PROCEDURAL HISTORY AND FACTS

Tapio was charged by an indictment, filed on July 11, 1996, with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Docket No. 1. He was arrested, arraigned and thereafter detained pending trial. Docket Nos. 3, 7, 9–10. Subsequently, Tapio entered into a written plea agreement with plaintiff, United States of America (hereinafter Government) and signed a factual basis statement. Docket Nos. 17–18. Following his guilty plea, this Court granted Tapio's Motion requesting psychological treatment and counseling to address his post-traumatic stress disorder

and his suicidal ideations. Docket Nos. 24–25. Thereafter, a presentence report (PSR) was prepared—with neither party interposing any objections to the contents of the same—and submitted to the District Court. Docket No. 37. On December 16, 1996, the District Court sentenced Tapio to an 85–month term of imprisonment and to three years of supervised release Docket No. 28 at 2–3.

Approximately five and one-half months later, Tapio appealed his sentence *pro se* but the Eighth Circuit Court of Appeals dismissed the appeal as untimely. Docket Nos. 30, 32.

Tapio then filed a "Habeas Corpus Motion" seeking relief under 28 U.S.C. § 2255 and included with his Motion a Petition/Affidavit for Leave to Proceed *In Forma Pauperis.* Docket Nos. 33–34. In his Motion, Tapio alleges that he was denied effective assistance of counsel under the Sixth Amendment by virtue of the acts and/or omissions of his trial counsel. Docket No. 33 at 2–3. Specifically, he asserts that trial counsel's failure to seek a downward departure under U.S.S.G. § 5K2.13, p.s. (1987),[3] premised on combat-related post-traumatic stress disorder and his failure to perfect an appeal on this issue, was deficient and resulted in an enhancement in his sentence. Docket No. 33 at 2–3.

### DISCUSSION

#### *In Forma Pauperis* Request

This Court has carefully examined Tapio's in forma pauperis Petition/Affidavit and finds that it is substantially the same as the *in forma pauperis* declaration included as part of the model motion appended to the Rules Governing § 2255 Proceedings. Although the Petition/Affidavit does not state the nature of the action being brought, the Court is nonetheless satisfied that the dictates of 28 U.S.C. § 1915(a)(1) have been

---

**2.** The Honorable Charles B. Kornmann, United States District Judge, presiding.

**3.** This section of the sentencing guidelines states as follows:

If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

complied with and that the requisite showing of indigency has been made. Accordingly, Tapio's Petition/Affidavit for Leave to Proceed *In Forma Pauperis* is granted.

### Appointment of Counsel

■ Tapio has requested that he be appointed counsel, presumably under 18 U.S.C. § 3006A(g), to assist him in his § 2255 Motion. Docket No. 33 at 4. This Court has considered Tapio's request in light of the relevant factors articulated by the Eighth Circuit for the appointment of counsel in like cases, *see Nachtigall v. Class,* 48 F.3d 1076, 1081–82 (8th Cir.1995); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir.1994); *Abdullah v. Norris,* 18 F.3d 571, 573 (8th Cir.), *cert. denied,* 513 U.S. 857, 115 S.Ct. 163, 130 L.Ed.2d 101 (1994), *Williams v. Groose,* 979 F.2d 1335, 1337 (8th Cir.1992), and believes that the "interests of justice" do *not* require the appointment of counsel in this instance. Tapio raises no issues that involve conflicting testimony or that mandate fact investigation; his sole claim of ineffective assistance of counsel does not require complex legal reasoning or analysis; and he presents his facts and legal arguments clearly and understandably. *See McCall v. Benson,* 114 F.3d 754, 756 (8th Cir.1997); *Nachtigall,* 48 F.3d at 1082. Tapio's request for appointment of counsel, therefore, is denied.

### Evidentiary Hearing

■ In the "Conclusion" portion of his § 2255 Motion, Tapio asks that this Court grant him an evidentiary hearing "to resolve his [c]onstitutional issue." Docket 33 at 3–4. An evidentiary hearing however, need not be held if the "facts alleged, taken as true, would not justify relief." *Larson v. United States,* 905 F.2d 218, 220–21 (8th Cir.1990); *United States v. Kraemer,* 810 F.2d 173, 173 (8th Cir.1987) (*per curiam*). Likewise, an evidentiary hearing is not required "where the files and records of the case conclusively show that the [prisoner] is not entitled to relief." *United States v. Schmitz,* 887 F.2d 843, 844 (8th Cir.1989) (*citations omitted*); *United States v. Lambros,* 614 F.2d 179, 181 (8th Cir.1980) (*citations omitted*).

Tapio's ineffective assistance of counsel claim is one that is capable of resolution from the record. *See Rogers v. United States,* 1 F.3d 697, 699 (8th Cir.1993); *see also, United States v. Raddatz,* 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Dall v. United States,* 957 F.2d 571, 572 (8th Cir. 1992). After close scrutiny of the record, the Court is convinced that Tapio is not entitled to relief. *See Cheek v. United States,* 858 F.2d 1330, 1333 (8th Cir.1988). As such, has request for an evidentiary hearing is denied.

### Ineffective Assistance Of Counsel

■ The well-established *Strickland* test for analyzing ineffective assistance of counsel claims, "although by no means insurmountable, is highly demanding." *Payne v. United States,* 78 F.3d 343, 345 (8th Cir.1996) (*quoting Kimmelman v. Morrison,* 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)). Inquiry under this test is two-fold:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687–700, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also, Willis v. United States,* 87 F.3d 1004, 1006 (8th Cir.1996); *Shaw v. United States,* 892 F.Supp. 1265, 1270 (D.S.D.1995), aff'd, 92 F.3d 1189 (8th Cir.1996). The defendant must make a showing of both deficient performance and prejudice in order to obtain habeas relief based on an ineffective assistance of counsel claim. *Strickland,* 466 U.S. at 687, 690–94; *see also, Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995).

■ With respect to the performance aspect of the *Strickland* test, the defendant must demonstrate that counsel's presentation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland,* 466 U.S. at 688. Judicial review of counsel's performance is highly

deferential; a court must indulge a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy. *Strickland,* 466 U.S. at 689; *Fretwell v. Norris,* 133 F.3d 621, 623, 625–27 (8th Cir.1998).

Professionally unreasonable trial errors, however, do not satisfy the burden of proving ineffectiveness absent a showing of prejudice to the defendant. *Strickland,* 466 U.S. at 691–92; *Driscoll v. Delo,* 71 F.3d 701, 706 (8th Cir.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 273, 136 L.Ed.2d 196 (1996). A court will set aside the judgment of conviction only when counsel's performance renders the result of the proceeding unreliable or fundamentally unfair. *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Lockhart,* 506 U.S. at 372.

Tapio claims that he was entitled to a downward departure under § 5K2.13 and that his trial counsel's failure to seek such a departure at sentencing and on appeal amounted to ineffective assistance of counsel. This Court, however, does not agree and, for the reasons set forth below, rejects Tapio's claim.

To obtain a "diminished capacity" departure under § 5K2.13, a defendant must establish that he (1) committed a non-violent offense, (2) while suffering from a significantly reduced mental capacity, (3) not caused by the voluntary use of drugs or other intoxicants; and that (4) his reduced capacity contributed to the commission of his offense, and (5) his criminal history does not indicate a need for incarceration to protect the public. *See United States v. Leandre,* 132 F.3d 796, 798 (D.C.Cir.1998); *United States v. Cantu,* 12 F.3d 1506, 1511 (9th Cir.1993); *see also, United States v. Brown,* No. 96 CR 451, 1997 WL 786643 at *3 (N.D.Ill.Dec.18 1997); *United States v. Perry,* No. 4: CR94–30035, 1995 WL 137294 at *6 (D.Neb. Mar.27, 1995). Assuming, *arguendo,* that the first, second and fourth requirements of this guideline section have been or at least could be met,

nonetheless, the record plainly shows that Tapio would not be able to satisfy the third and fifth requirements and thus be eligible for a § 5K2.13 departure.

Section 5K2.13 places an important limitation on the cause of a defendant's reduced mental capacity: the impairment from which the defendant was suffering at the time he committed the offense must not have been caused by the voluntary use of drugs or other intoxicants. *See Cantu,* 12 F.3d at 1514; *see also, United States v. Lewinson,* 988 F.2d 1005, 1006 (9th Cir.1993). This limitation comports with another guideline section which reads, in pertinent part, as follows:

> Drug or alcohol dependence or abuse is not a reason for imposing a sentence below the guidelines. Substance abuse is highly correlated to an increased propensity to commit crime.

U.S.S.G. § 5HI.4, p.s. (1991).

In the case at hand, Tapio, by his own admission, was intoxicated when he committed the charged offense. PSR at 2–3, ¶¶ 4, 9; *compare, Cantu,* 12 F.3d at 1514 (no evidence suggested the defendant was drunk at the time of his offense); *United States v. Follette,* 990 F.Supp. 1172, 1177 (D.Neb.1998) (drugs and alcohol played no part in the defendant's illness or offense); *Brown,* 1997 WL 786643 at *4 (the PSR lacked specific evidence that the defendant used drugs during the time he committed the offense). The record indicates that Tapio has had a long history of alcohol abuse and that this abuse has resulted in and been an independent cause of his lawless behavior and his ongoing problems with his ex-wife. PSR at 6–8, ¶¶ 28–30, 34, 37, 40. Given his admissions and his history of alcoholism, it is highly unlikely that Tapio would have been able to make the requisite showing that the reduced mental capacity he alleged he suffered from at the time of the offense was not the result of his voluntary intoxication. *See United States v. Nunez–Rodriguez,* 92 F.3d 14, 25 (1st Cir.1996); *United States v. Chatman,* 986 F.2d 1446, 1452 (D.C.Cir.1993); *c.f. Leandre,* 132 F.3d 796, 805; *compare Follette,*

990 F.Supp. at 1178 ("unlike many criminal defendants, [the defendants'] use of drugs or alcohol has been minimal").

Similarly, Tapio's chances were slim to none of successfully proving that his criminal history provided no demonstrated need for incarceration to protect the public. The PSR reflects that in addition to his firearm possession offense, Tapio has had:

1. At least six other felony convictions in federal and state court[4] for crimes involving the use and possession of firearms, assault, rape, escape and one or more no-account checks;

2. Five misdemeanor convictions, including two for driving while under the influence of alcohol; and

3. Numerous tribal court entries consisting primarily of alcohol-related incidents and several altercations with his ex-wife.

PSR at 5–7, ¶¶ 22–31, 34. Moreover, the probation officer believed that [Tapio's] criminal history category score of V "significantly under-represents the seriousness of [his] criminal history and the likelihood that he will commit further crimes", and suggested that the District Court consider an upward departure pursuant to U.S.S.G. § 4A1.3 (1992). PSR at 10, ¶ 56. Although the District Court chose not to depart upward, it did sentence Tapio to the high end of the guideline range for imprisonment. PSR at 9, ¶ 46; Docket No. 2 at 2, 6. Based on the nature and circumstances of the offense charged,[5] Tapio's overall criminal record and his history of non-compliant behavior[6] and failed alcohol treatment,[7] there can be little doubt that a substantial term of imprisonment was justified, if not compelled, to protect the public. See United States v. Atkins, 116 F.3d 1566, 1569–71 (D.C.Cir.), cert. denied, —— U.S. ——, 118 S.Ct. 430, 139 L.Ed.2d 330 (1997); United States v. Mitchell, 113 F.3d

1528, 1532–33 1535 (10th Cir.), cert. denied, —— U.S. ——, 118 S.Ct. 726, 139 L.Ed.2d 665 (1998).

Assessing trial counsel's decision not to seek a § 5K2.13 departure objectively and from his perspective within the scheme of the sentencing proceedings, this Court cannot conclude that his decision was unreasonable or sufficient to overcome the presumption that, under the circumstances, his conduct fell within the wide range of reasonable professional assistance. The Court likewise is unable to find that Tapio was prejudiced by counsel's conduct in a manner that would have changed or had some conceivable effect on the sentence ultimately imposed.

■ Furthermore, Tapio is hardly in a position now to complain about his trial counsel's conduct on appeal when he himself executed a written plea agreement wherein he waived his right to appeal all non-jurisdictional issues, including sentencing issues. Docket No. 18 at 3, ¶ 8. Significantly, Tapio does not contend that the sentence he received was in conflict with the plea agreement or that his appeal waiver was unwittingly agreed to and/or involuntarily obtained. The waiver, therefore, was binding and enforceable against him and prohibited a direct appeal of his sentence. United States v. Greger, 98 F.3d 1080, 1081 (8th Cir.1996); United States v. Rutan, 956 F.2d 827, 829–30 (8th Cir.1992).

Aside from this, because Tapio's § 5K2.13 claim is totally without merit, trial counsel cannot be faulted or, more importantly, deemed ineffective for not raising the claim on appeal. Drew v. United States, 46 F.3d 823, 827 (8th Cir.) (counsel's failure to raise on appeal upward sentencing departure claim, lacking in merit, does not constitute ineffective assistance of counsel), cert. denied, 516 U.S. 817, 116 S.Ct. 72, 133 L.Ed.2d

---

4. Paragraph 23 of the PSR is somewhat confusing. It indicates that in 1972 Tapio was convicted of two offenses (Assault With a Dangerous Weapon and Use of a Firearm in the Commission of a Felony) but sentenced on three, thus suggesting that he may have a total of seven felony convictions instead of six.. See PSR at 5–6, ¶¶ 23, 25–27, 29.

5. See PSR at 3, ¶¶ 3–6.

6. Tapio has had his probation or parole revoked six separate times. PSR at 5–6, ¶¶ 23, 26.

7. Despite having undergone treatment at a Veteran's Hospital on "several occasions," the last of which was in 1992, Tapio continued to commit crimes and get into trouble. PSR at 5–8, ¶¶ 23–31, 34, 37, 40.

**1150**

33 (1995); *Kitt v. Clarke,* 931 F.2d 1246, 1249–50 (8th Cir.1991) (appellate counsel's failure to raise meritless claims is probably not deficient performance); *see generally,* J. Burkoff & H. Hudson, *Ineffective Assistance of Counsel,* § 9.04[2][b][i] & n. 16.1 (1997).

Inasmuch as the allegations in Tapio's Motion, even if taken as true, do not establish that trial counsel's performance was deficient or so prejudicial that it resulted in an outcome that was unreliable or fundamentally unfair, *see Strickland,* 466 U.S. at 687, 694, 700; *Fretwell,* 506 U.S. at 369–72, he is not entitled to relief on his ineffective assistance of counsel assertions.

### CONCLUSIONS AND RECOMMENDATIONS FOR DISPOSITION

Upon due consideration of the record and in light of applicable precedent, this Court believes that Tapio is not entitled to relief under 28 U.S.C. § 2255 and that his "Habeas Corpus Motion" should be dismissed. Accordingly, based on the foregoing findings of fact and legal discussion and pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), it is hereby

RECOMMENDED that Tapio's Petition/Affidavit for Leave to Proceed *In Forma Pauperis,* Docket No. 34, be GRANTED. It is further

RECOMMENDED that Tapio's request for court-appointed counsel and for an evidentiary hearing, Docket No. 33 at 3–4, be DENIED. It is further

RECOMMENDED that Tapio's "Habeas Corpus Motion", Docket No. 33, be DENIED in all respects and DISMISSED with prejudice.