**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Carl Edward CUMMINGS, Defendant-Appellant.**

No. 78–5334.

United States Court of Appeals, Sixth Circuit.

Argued June 19, 1979.

Decided July 18, 1979.

Mack H. Cherry, Memphis, Tenn. (Court-appointed), for defendant-appellant.

W. J. Michael Cody, U. S. Atty., Devon L. Gosnell, William A. McTighe, Asst. U. S. Attys., Memphis, Tenn., for plaintiff-appellee.

Before ENGEL and MERRITT, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Defendant appeals his conviction for jumping bail in violation of the Bail Reform Act of 1966, 18 U.S.C.A. § 3150. He contends the District Court's order setting aside forfeiture of his property bond precludes the possibility of his conviction for jumping bail.

On September 14, 1977, Defendant was indicted by the federal grand jury for the Western District of Tennessee for possession of stolen mail and for forgery of government checks. The next day he signed papers required by the Bail Reform Act and was released on a $4,000 bond secured by his parents' home. In October, the letter notifying him of his January report and trial dates was returned undelivered and subsequently remailed to a different address. The Defendant did not appear on his report date nor did his lawyer, who spoke with Defendant that morning, appear in court. After Defendant again failed to respond to another letter of notification, his bond was revoked in March of 1978 and forfeiture entered in April. Later that

month, Defendant turned himself in to the appropriate authorities. Forfeiture was set aside by the District Court on June 9, 1978. Defendant was convicted of jumping bail on July 5, 1978 and, on August 25, 1978, was sentenced to six months imprisonment to be served consecutively to other sentences imposed on Defendant.

Defendant's contention that forfeiture is a condition precedent to violation of the bail jumping statute, 18 U.S.C.A. § 3150,[1] is without merit. The Bail Reform Act repealed the prior bail jumping statute [2] which provided that a Defendant on bail would have thirty days after forfeiture of bail to appear before criminal proceedings could be invoked. The present statute simply provides for forfeiture of the bond of the person released on bail if he fails to appear as required "and, in addition" shall be subject to criminal penalties. As noted by the Eighth Circuit, "The statute by its plain language does not require forfeiture of bail as a condition precedent to criminal prosecution as an essential element of the offense." *United States v. DePugh*, 434 F.2d 548, 553 (8th Cir. 1970).

Accordingly, it is ORDERED that the judgment of the District Court be, and hereby is, affirmed.

---

1. "Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both, or (2) if he was released in connection with a charge of misdemeanor, be fined not more than the maximum provided for such misdemeanor or imprisoned for not more than one year, or both, or (3) if he was released for appearance as a material witness, shall be fined not more than $1,000 or imprisoned for not more than one year, or both."

2. 18 U.S.C.A. § 3146. *See United States v. Hall,* 346 F.2d 875 (2d Cir. 1965).