**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George Palais PHILLIPS,**
**Defendant-Appellant.**

**No. 79–5686**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit,
Unit B.

Sept. 2, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

**544**

Charles H. Vaughan, Ft. Lauderdale, Fla., for defendant-appellant.

Bruce A. Zimet, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction for jumping bail in violation of the Bail Reform Act of 1966, 18 U.S.C. § 3150. The appellant, George Phillips, contends that his mo-tion for judgment of acquittal in the district court should have been granted because the government failed to prove that his bond was forfeited. According to Phillips, forfeiture of bail is a condition precedent to violation of 18 U.S.C. § 3150. He also challenges the sufficiency of the evidence upon which he was convicted, and alleges a variance between the indictment and proof. Because his contentions are without merit, we affirm.

After being arrested for conspiracy to import methaqualone, Phillips appeared before a United States Magistrate for an initial appearance. The magistrate granted his request for reduction of bond, and instructed him, both in writing and orally, to appear on April 5, 1979 for a hearing to determine whether counsel ought to be appointed, and on April 12, 1979 for a preliminary hearing.

Phillips failed to appear at the April 5 hearing, and the magistrate estreated his bond and ordered his arrest. He also failed to appear at the April 12 hearing. On July 16, 1979, he was arrested and indicted for jumping bail. The indictment alleged that Phillips willfully failed to appear at the preliminary hearing. The indictment incorrectly indicated April 13, 1979, as the date of the scheduled hearing.

■ Phillips' principal contention is that forfeiture of bail is a condition precedent to violation of 18 U.S.C. § 3150 and the government did not prove that his bond was forfeited. This contention presents a question of first impression in the Fifth Circuit. We answer the question by looking to the language of the statute itself. Section 3150 provides in pertinent part:

> Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall, subject to the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense,

be fined not more than $5,000 or imprisoned not more than five years, or both.

The language of the statute does not reveal an intent by Congress to make forfeiture of bail a condition precedent to violation of the statute. Other circuits present persuasive reasoning to support this interpretation. The Eighth and Sixth Circuits provide: "the statute by its plain language does not require forfeiture of bail as a condition precedent to criminal prosecution as an essential element of the offense." *United States v. DePugh*, 434 F.2d 548, 553 (8th Cir. 1970), *cert. denied* 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 238 (1971), quoted in *United States v. Cummings*, 601 F.2d 258, 259 (6th Cir. 1979). *United States v. Cummings* explains:

> The Bail Reform Act repealed the prior bail jumping statute which provided that a Defendant on bail would have 30 days after forfeiture of bail to appear before criminal proceedings could be invoked. The present statute simply provides for forfeiture of the bond of the person released on bail if he fails to appear as required 'and, in addition' shall be subject to criminal penalties. (Footnote omitted).

*Id.* at 259.

We find the reasoning of the Sixth and Eighth Circuits persuasive. Thus, Phillips' contention that forfeiture of bail is a condition precedent to violation of the bail jumping statute is without merit.

■ Phillips next contends that the government failed to produce evidence sufficient to support a determination that his failure to appear for the preliminary hearing was "willful" within the meaning of the statute. In assessing this contention, our standard of review is to examine the evidence, and all reasonable inferences which may be drawn therefrom, in a light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In doing so, we must determine whether a "reasonable jury could find the evidence inconsistent with all reasonable hypotheses of the defendant's innocence." *United States v. Lichtenstein*, 610 F.2d 1272, 1276 (5th Cir. 1980).

At the initial appearance, the magistrate explicitly notified Phillips of the future court dates, including the forthcoming preliminary hearing. Phillips executed in open court a form which included a list of all future court dates, and he was provided a copy of the form. Despite this, Phillips failed to appear for his preliminary hearing. He changed his residence without notifying the court. When he was arrested in July of 1979, his appearance was significantly different than his appearance at the prior initial appearance. The evidence indicates that at the time of his arrest, he had shaved off his mustache, significantly shortened the length of his hair, and dyed the color of his hair from gray to a dark brown. Viewing the evidence in its entirety, we are convinced that the evidence was sufficient to enable a reasonable jury to conclude that Phillips' failure to appear at the preliminary hearing was willful.

■ The indictment charging Phillips with the offense of bail jumping incorrectly indicates April 13, 1979 as the date of the scheduled preliminary hearing. Phillips argues that this mistaken date created a prejudicial variance between the indictment and proof. His argument, however, is without merit. The general rule that allegations and proof must correspond is based on two requirements: "(1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial; and (2) that he may be protected against another prosecution for the same offense." *Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314 (1935), quoted in *United States v. Davis*, 592 F.2d 1325, 1328 (5th Cir.), *cert. denied*, 442 U.S. 946, 99 S.Ct. 2894, 61 L.Ed.2d 318 (1979). "The evaluation of a claim of variance . . . involves application of a two-step analysis: first, to ascertain whether there was in fact a variance between indictment and proof, and second, to determine whether the variance was prejudicial." *United States v. Canales*, 596 F.2d 664,

670–1 (5th Cir. 1979). In *Canales*, we again quoted *Berger* to find that "the true inquiry . . . is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused." *Canales* at 670, quoting *Berger* at 82. Phillips fails to demonstrate that the variance in this case affected his substantial rights. Although the indictment referred to the wrong date, it correctly referred to Phillips' failure to appear at the "preliminary" hearing of which he was aware. There is no indication that Phillips relied on the incorrect date. His substantive rights were not prejudiced by the variance.

Because we find that forfeiture of bail is not a condition precedent to violation of 18 U.S.C. § 3150, that sufficient evidence supports a determination that Phillips willfully violated the statute, and that the variance between the indictment and proof was not prejudicial, we affirm the conviction.

AFFIRMED.