UNITED STATES of America, Appellee,

v.

Ronald SCHMITZ, Appellant.

No. 89–1365.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 16, 1989.

Decided Aug. 31, 1989.

Publication Ordered Oct. 12, 1989.

Ronald Schmitz, pro se.

Before BOWMAN and WOLLMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Ronald Schmitz appeals pro se from the district court's [1] order denying, without an evidentiary hearing, his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence entered upon a guilty plea to cocaine-related crimes. Schmitz's motion claimed that because his attorney also represented a codefendant, the attorney had a conflict of interest, denying Schmitz's sixth amendment right to counsel. We affirm.

Schmitz pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and distribution and aiding and abetting the distribution of cocaine to codefendant James Krueger in violation of 21 U.S.C. § 841(a)(1). At his plea hearing, Schmitz was advised of his right to assistance of counsel and that he could receive two terms of fifteen years' imprisonment and up to a $500,000 fine. The district court conducted an extensive colloquy with Schmitz regarding his lawyer James Reynolds' joint representation of Schmitz and Krueger. The court explained why a potential conflict of interest existed; Schmitz stated that he understood, that he had discussed the matter with Reynolds and

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

Krueger, and that he wanted to be represented by Reynolds and enter a guilty plea. He also acknowledged that he had been advised of possible sentences and that no promises or predictions had been made to him that he would receive a lighter sentence in exchange for his guilty plea. Schmitz was sentenced to a term of twelve years' imprisonment and three years' special parole on the distribution count. He received a twelve-year suspended sentence and five years' probation on the conspiracy count.

Schmitz's section 2255 petition alleged that at Reynolds's instigation, Krueger had persuaded Schmitz to hire Reynolds, promising Schmitz a lower fee and a pleasing result. Schmitz also alleged that a deal was reached whereby both he and Krueger would plead guilty, and that Reynolds had "guaranteed" he would receive no more than three years' incarceration. With this understanding, Schmitz pleaded guilty. Schmitz claimed the district court did not conduct an adequate inquiry into the potential for conflict of interest. Schmitz further stated that Krueger had supplied false information to the government which led to Schmitz's indictment.

The district court reviewed the transcript and cited its lengthy discussion with Schmitz wherein it inquired into Schmitz's knowledge of and consent to dual representation. The court ruled that Schmitz had voluntarily and intelligently chosen dual representation, and dismissed the petition. Schmitz appeals, reasserting the claims below.

■ An evidentiary hearing is not required in a section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief, *Cheek v. United States*, 858 F.2d 1330, 1333 (8th Cir.1988), or where the allegations "amount[ ] to no more than a bare contradiction of statements petitioner made when she [or he] pled guilty." *United States v. Williams*, 536 F.2d 247, 250 (8th Cir.1976).

■ Contrary to Schmitz's assertions, the district court fully complied with Federal Rule of Criminal Procedure 44(c) in examining Schmitz at the plea hearing. "[T]he defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). Because we find Schmitz's waiver of his right to separate representation was knowing, voluntary, and intelligent, we need not decide whether any actual conflict existed. *See United States v. Poston*, 727 F.2d 734, 738 (8th Cir.), *cert. denied*, 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984).

■ Schmitz's contention that he pleaded guilty based on counsel's promise he would receive a three-year sentence is also contradicted by Schmitz's representations during the plea taking. Finally, a valid plea waives all non-jurisdictional objections, such as that the indictment was based on false information. *See O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir.1988) (per curiam).

Accordingly, the district court's order is affirmed.