16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Howard A. MCCOWAN, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-2258.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 13, 1993.
Filed: January 11, 1994.
 
 Before JOHN R. GIBSON,* MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Howard A. McCowan appeals from an order of the district court[1] denying his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 A jury convicted McCowan of three narcotics-related crimes. McCowan appealed his convictions. In addition to his appellate attorney's brief, McCowan filed a pro se "addendum" in which he argued that he was denied effective assistance of counsel. In relevant part, McCowan contended that his counsel failed to locate and call witnesses who would have testified that he did not own the gun found in the trunk of his car[2] and that his counsel refused to allow him to testify on his own behalf. In affirming McCowan's convictions, we stated further that we found "no merit to these claims." United States v. McCowan, No. 91-3109, slip op. at 1 n. 2 (8th Cir. July 7, 1991) (unpublished per curiam).
 
 
 3
 In his section 2255 motion, McCowan argued that his trial counsel refused to allow him to testify even though he requested to do so. He also contended that his counsel failed to locate and call witnesses who would have testified that he did not normally wear a pager and that a co-defendant actually owned the gun found in the trunk of his car. With regard to this latter point, McCowan contended that Ivory would have testified that he had sold the gun to one of the co-defendants a few months prior to his arrest. McCowan further stated that he suffered prejudice as a result of his trial counsel's errors.
 
 
 4
 The district court denied McCowan's motion without conducting an evidentiary hearing. The district court held on the merits that McCowan failed to notify the court that he wished to testify at trial, that McCowan did not identify individuals other than Ivory who should have been called, and that Ivory's testimony on gun ownership would have been irrelevant.
 
 
 5
 On appeal, McCowan reiterates the arguments he advanced to the district court. In addition, he contends that the court should have held an evidentiary hearing before ruling on his motion. The government asserts that this court previously found McCowan's arguments meritless, and that McCowan had in any event failed to demonstrate ineffective assistance.
 
 
 6
 We agree with the government that, because we rejected on direct appeal McCowan's arguments that his counsel was ineffective because she refused to allow him to testify and failed to call Ivory as a witness, he cannot relitigate these claims in his section 2255 motion. See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992). The district court, however, properly addressed the merits of McCowan's argument that his counsel was ineffective for failing to locate witnesses who would have testified that McCowan did not normally wear a pager. To establish that he was denied effective assistance of counsel, McCowan "must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance rendered his trial unreliable or fundamentally unfair." Ellefson v. Hopkins, 5 F.3d 1149, 1151 (8th Cir. 1993). We agree with the district court that McCowan did not establish an ineffective-assistance claim, because he failed to identify any witnesses who could have testified that he normally did not wear a pager. See, e.g., Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir.) (habeas petitioner's failure to provide affidavits from witnesses regarding potential testimony precluded finding of prejudice), cert. denied, 493 U.S. 898 (1989).
 
 
 7
 Finally, the district court properly determined that an evidentiary hearing was unnecessary because the file conclusively demonstrates that McCowan is not entitled to the relief requested. See United States v. Schmitz, 887 F.2d 843, 844 (8th Cir. 1989) (per curiam).
 
 
 8
 Accordingly, we affirm.
 
 
 
 *
 THE HONORABLE JOHN R. GIBSON assumed senior status on January 1, 1994
 
 
 [1]
 The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota
 
 
 [2]
 Attached to the "addendum" was a letter identifying Samantha Ivory as an individual who had information about the gun's ownership