UNITED STATES of America, Plaintiff,

v.

Lamont D. HILL, Defendant.

No. CR 00–30041.

United States District Court, D. South Dakota, Central Division.

Oct. 4, 2001.

Mikal G. Hanson, Assistant United States Attorney, Pierre, SD, for plaintiff.

Joan E. Powell, Pierre, SD, for defendant.

## MEMORANDUM OPINION AND ORDER

MORENO, United States Magistrate Judge.

### I.

[¶ 1] Defendant, Lamont D. Hill (Hill) was charged by information with contempt

of court, in violation of 18 U.S.C. § 401 (a Class B misdemeanor). On September 6, 2000, he pled guilty to the contempt charge, pursuant to a plea agreement, and was thereafter sentenced to four months of imprisonment. Hill appealed his judgment and sentence but because the appeal was not taken in a timely manner, the Eighth Circuit Court of Appeals dismissed the same for lack of jurisdiction. In the meantime, Hill began serving his sentence and was eventually released from prison in May, 2001.

[¶ 2] Between the time he was sentenced and his appeal, Hill filed a Motion under § 2255 to vacate, set aside or correct his sentence. Hill raised three claims in his Motion, all of which revolve around an allegation in the information that he violated a court order entered by the District Judge[1] that was filed on December 8, 1998. He contends that he could not be convicted of criminal contempt for failing to comply with the December 8th order, because no such order ever existed. He also contends that his counsel was ineffective because she failed to "obtain and examine" the order and advise him accordingly.

[¶ 3] Hill's § 2255 Motion was initially assigned to a District Judge[2] but later, on September 26, 2001, the Motion was reassigned to this Court pursuant to Rule 4(a) of the Rules Governing Section 2255 Cases. Following the reassignment, the Court promptly examined all of the records on file which relate to the judgment under attack. The Court believes that it has a full and complete grasp of the issues at hand and is prepared, at this time, to rule on Hill's Motion.

## II.

[¶ 4] Although Hill does not request or otherwise seek to have counsel appointed for him, the Court feels compelled to decide whether he is entitled to the appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, in view of the nature of the proceeding, the issues raised and the relief sought.

[¶ 5] A court may appoint counsel for a defendant seeking § 2255 relief when "the interests of justice so require." § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2255 Proceedings; *Green v. United States*, 262 F.3d 715, 716 (8th Cir.2001). If no evidentiary hearing is necessary, the appointment of counsel is discretionary.

[¶ 6] In exercising its discretion, a court should first determine whether a pro se defendant has presented a non-frivolous claim. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.), *cert. denied*, 513 U.S. 857, 115 S.Ct. 163, 130 L.Ed.2d 101 (1994). If the defendant has raised only claims that are frivolous or clearly without merit, the court should dismiss the case on the merits without appointing counsel. *Id.*; Rule 4 of the Rules Governing Section 2255 Proceedings. If the defendant has presented a non-frivolous claim, the court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the defendant and the court to such an extent that "the interests of justice so require" it. *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir.1995); *Abdullah*, 18 F.3d at 573; § 3006A(a)(2)(B). In determining whether the appointment of counsel is required for a defendant seeking § 2255 relief with non-frivolous claims, the court should consider the factual and legal complexities of the case, the defendant's ability to investigate and present claims, the existence of

---

1. The Honorable Charles B. Kornmann, United States District Judge, presiding.

2. The Honorable Richard H. Battey, Senior United States District Judge, presiding.

conflicting testimony and any other relevant factors. *Nachtigall*, 48 F.3d at 1081–82; *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir.1994); *Abdullah*, 18 F.3d at 573.

█ [¶ 7] Based on these factors, the Court concludes that the interests of justice do not require the appointment of counsel. The claims Hill raises in his Motion, while not patently frivolous or devoid of any colorable merit on their face, nonetheless are not ones that involve complex legal or factual issues or ones that arise out of conflicted testimony or require further fact investigation. *Nachtigall*, 48 F.3d at 1082; *Hoggard*, 29 F.3d at 472. It is evident that Hill understands the issues involved and is capable of presenting his claims in a logical and coherent manner. *Id.* His Motion and ten-page attachment thereto are well written and contain proper citations to applicable legal authority so as to enable the Court to determine whether § 2255 relief is warranted. *Nachtigall*, 48 F.3d at 1082. Finally, Hill's claims can easily be resolved on the basis of the court record. *Hoggard*, 29 F.3d at 472. The Court therefore finds it unnecessary to appoint counsel for Hill and declines to do so.

### III.

[¶ 8] Hill does not specifically request that the Court grant him an evidentiary hearing on the Motion. Even so, the Court must determine, in accordance with Rules 4(b) and 8(a) of the Rules Governing Section 2255 Proceedings, whether such a hearing is required in this instance.

█ [¶ 9] An evidentiary hearing need not be held (1) if the defendant's allegations, accepted as true, would not entitle him to relief; or (2) if the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible or are conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998)

(quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)). Likewise, an evidentiary hearing is not required "where the files and records of the case conclusively show that the [defendant] is not entitled to relief." *Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir.1995), *cert. denied*, 517 U.S. 1147, 116 S.Ct. 1444, 134 L.Ed.2d 564 (1996); *United States v.. Duke*, 50 F.3d 571, 576 (8th Cir.), *cert. denied*, 516 U.S. 885, 116 S.Ct. 224, 133 L.Ed.2d 154 (1995); *see also, Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir.1992); *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir.1989) (citations omitted).

█ [¶ 10] Hill's claims are ones that are capable of resolution from the record. *See Blankenship v. United States*, 159 F.3d 336, 337–39 (8th Cir.1998), *cert. denied*, 525 U.S. 1090, 119 S.Ct. 844, 142 L.Ed.2d 699 (1999); *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir.1993); *see also, United States v. Raddatz*, 447 U.S. 667, 675, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Dall v.. United States*, 957 F.2d 571, 572 (8th Cir.1992); *see generally, United States v. Apker*, 174 F.3d 934, 937–41 (8th Cir.1999) (wherein the clarity of the existing record made an evidentiary hearing unnecessary). After close scrutiny of the record, the Court is convinced that Hill cannot prevail on his claims. *See Cheek v. United States*, 858 F.2d 1330, 1333 (8th Cir.1988). As such, Hill is not entitled to an evidentiary hearing and the Court shall accordingly proceed to dispose of his Motion in a summary manner as "justice dictates". *See* Rules 4(b) and 8(a) of the Rules Governing Section 2255 Cases.

### IV.

[¶ 11] Before delving into the merits of Hill's three claims, the Court must first decide whether it even has jurisdiction to

entertain his § 2255 Motion in view of the fact that he has long since been released from prison. *Hohn v. United States,* 262 F.3d 811, 815 (8th Cir.2001).

■■■■ [¶ 12] Under Article III, § 2 of the Constitution, " 'the exercise of judicial power depends upon the existence of a case or controversy.' " *DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (citation omitted). To satisfy the case-or-controversy requirement, Hill must show that his § 2255 Motion did not become moot when he was released from prison several months ago. Stated another way, Hill must establish that the standing he had when he filed his Motion[3] still exists today. *See United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (explaining that "mootness [is] 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).' ") (*quoting* Henry Monaghan, *Constitutional Adjudication: The Who and When,* 82 Yale L.J. 1363, 1384 (1973)). In passing on the issue and its jurisdiction to review Hill's Motion, the Court must assess whether Hill has suffered, or is threatened with, an actual injury traceable to plaintiff, United States of America (government), that is likely to be redressed by a favorable decision. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990).

■■■ [¶ 13] After due consideration of the matter, the Court concludes that Hill's § 2255 Motion is moot and that as such, it has no jurisdiction to adjudicate his claims under Article III, § 2.

[¶ 14] The Supreme Court has observed that "[a]n incarcerated convict's ... challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration ... constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). The Court, however, went on to say that after the convict's sentence expires, "some concrete and continuing injury other than the now-ended incarceration [ ]—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.*

■■■■ [¶ 15] Consistent with *Spencer* and several decades of precedent on the subject, *see* 523 U.S. at 8–12, 118 S.Ct. 978, the Court will presume that Hill's contempt conviction creates enough collateral consequences to render his § 2255 Motion justiciable.[4] This presumption, however, is a rebuttable one and must be viewed in light of the *Spencer* Court's clear reluctance to find collateral consequences absent a showing of some concrete statutory

---

3. The Court is mindful that Hill filed his § 2255 Motion *before* he appealed his conviction and surrendered himself to the Bureau of Prisons to begin serving his sentence. This fact, however, does not defeat Hill's custodial status or, more importantly, the justiciability (i.e. standing) of his Motion because, at the time the Motion was filed, his liberty was "restrained" to the extent that he was effectively "in custody" for purposes of § 2255 review. *See generally,* J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure,* § 8.2d (3d ed.1998).

4. Because Hill attacks the validity of his conviction, as opposed to his sentence or something else, the existence of collateral consequences is presumed. *Spencer,* 523 U.S. at 7–8, 118 S.Ct. 978; *compare Lane v. Williams,* 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982) (in situation where a prisoner challenges only his sentence and not his conviction, the presumption of collateral consequences does not apply).

disability flowing from the conviction being assailed. 523 U.S. at 10–16, 118 S.Ct. 978.

[¶ 16] At the outset, whether or not Hill's contempt conviction could be used to enhance his sentence if he is convicted of another crime in the future does not make Hill's Motion, or the claims he raises therein, justiciable. The Court in *Spencer* rejected the same proffered collateral consequence, stating that "it was contingent upon respondents' violating the law, being caught and convicted. 'Respondents themselves are able——and indeed required by law——to prevent such a possibility from occurring.'" 523 U.S. at 15, 118 S.Ct. 978 (*quoting Lane*, 455 U.S. at 632, n. 13, 102 S.Ct. 1322). Any proposed collateral consequence Hill may have, by reason of his contempt conviction, is likewise contingent upon him committing another crime, something that he has the sole power to prevent. *Hohn*, 262 F.3d at 818–19.

[¶ 17] Nor is this Court able to identify any specific statutory collateral consequence stemming from his contempt conviction that he could properly redress by vacating the same. Hill's conviction, for a misdemeanor offense, does not cause him the kinds of concrete disadvantages or disabilities that have been recognized as being sufficiently adverse collateral consequences to make his case justiciable, such as depriving him of the right to vote, hold office, serve on a jury or engage in certain businesses. *Spencer*, 523 U.S. at 8, 118 S.Ct. 978. In short, his conviction, in contrast to a felony conviction, carries no collateral legal consequences that he will suffer from or otherwise be exposed to.[5] *Broughton v. North Carolina*, 717 F.2d 147, 149 (4th Cir.1983) (misdemeanor contempt conviction creates no lingering consequences making released petitioner's ha-

beas petition moot), *cert. denied*, 466 U.S. 940, 104 S.Ct. 1917, 80 L.Ed.2d 464 (1984); *see also Puchner v. Kruziki*, 111 F.3d 541, 543–44 (7th Cir.) (contempt order under which petitioner was incarcerated and released, did not carry the kinds of collateral consequences that would allow him to escape mootness and obtain habeas relief) *cert. denied*, 522 U.S. 862, 118 S.Ct. 166, 139 L.Ed.2d 109 (1997); *but see Dorman v. Brewington–Carr*, No. 98–540, 2000 WL 52157 at *1 (D.Del. Jan. 7, 2000). This being the case, the presumption in favor of finding collateral consequences has been overcome. *See Hohn*, 262 F.3d at 820. Hill's claims, therefore, are moot and the Court has no jurisdiction to decide them.

### V.

[¶ 18] Even if, somehow, the Court has authority to consider Hill's § 2255 Motion and the merits of his claims, any alleged error with respect to the filing date of the order he violated was a technical one and did not prejudice his right to be given fair notice and an opportunity to defend the charge against him.

 [¶ 19] Fed.R.Crim.P. 7(c) put an end to "the rules of technical and formalized pleading which characterized an earlier era." *Russell v. United States*, 369 U.S. 749, 762, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The precision and detail formerly demanded in criminal pleadings are no longer required, and formalistic imperfections and technical errors that are not prejudicial are disregarded in favor of common sense and reason. *See Smith v. United States*, 360 U.S. 1, 9, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959) ("[t]his Court has, in recent years, upheld many convictions in the face of questions concerning the suffi-

---

5. The Court is certainly mindful of the continued reputational interests Hill has in overturning his conviction, but such interests are not a sufficient collateral consequence to save his § 2255 Motion from dismissal on mootness grounds. *See Lane* 455 U.S. at 633, 102 S.Ct. 1322.

ciency of the charging papers. Convictions are no longer reversed because of minor and technical defects which did not prejudice the accused. *** This has been a salutary development in the criminal law"); *see also,* Fed.R.Crim.P. 52(a) ("[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded"). If the propriety of the information is not questioned until after a defendant is convicted, the same is presumed to be sufficient, *see McDonough v. United States,* 248 F.2d 725, 728–29 (8th Cir.1957), unless it is so defective that it does not, by any reasonable construction, charge the offense for which the defendant was convicted, *see United States v. Olson,* 262 F.3d 795, 798–99 (8th Cir.2001); *United States v. Camp,* 541 F.2d 737, 739–41 (8th Cir.1976), and even then, in cases where the conviction is collaterally attacked, only in exceptional circumstances can such an attack be considered, *see Merrill v. United States,* 599 F.2d 240, 242 (8th Cir.1979); *Keto v. United States,* 189 F.2d 247, 249–52 (8th Cir. 1951). Moreover, objections to an information, other than on jurisdictional grounds or for failure to charge an offense, must be made by motion before the defendant is convicted or they are waived. *See* Fed.R.Crim.P. 12(b).

[¶ 20] Aside from Fed.R.Crim.P. 7, constitutional strictures must also be considered when reviewing the sufficiency of an information, particularly in this context. The Sixth Amendment to the Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right *** to be informed of the nature and cause of the accusation ***."

[¶ 21] More than a century ago, the Supreme Court outlined three purposes of an information: (1) "to furnish the accused with such a description of the charge against him as will enable him to make his defense"; (2) to permit him to "avail himself of his conviction or acquittal· for protection against a further prosecution for the same cause"; and (3) "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." *United States v. Cruikshank,* 2 Otto (92 U.S.) 542, 558, 23 L.Ed. 588 (1875).

[¶ 22] The latter purpose has been somewhat difficult to understand and has not received much discussion in subsequent cases. *See Russell,* 369 U.S. at 763–64, 82 S.Ct. 1038. Most of the cases have emphasized the sufficiency test in terms of the first two purposes and have concentrated on whether the information at issue clearly informs the defendant of the precise offense for which he is accused so that he is able to prepare a defense and not be taken by surprise and whether a judgment entered thereon will safeguard him from being later prosecuted for the same offense. *See e.g., Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *Russell,* 369 U.S. at 763–64, 82 S.Ct. 1038; *United States v. Debrow,* 346 U.S. 374, 377–78, 74 S.Ct. 113, 98 L.Ed. 92 (1953); *Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

[¶ 23] The fundamental purpose of the information is to advise the accused of the charge against him so that he may prepare his defense. The real test for sufficiency is whether it would be fair to require that the defendant defend on the basis of the charges stated in the information he is being prosecuted under. The requirement that every essential element of the offense should be alleged must be read in light of overall fairness to both the defendant and the government.

[¶ 24] Applying these precepts to the facts and circumstances in the present case, leads inescapably to the conclusion that Hill was not prejudiced to his detriment. Putting aside the Rule 12(b) waiver

issue, Hill clearly was aware of the existence and contents of the order in question and chose to violate the same. He admitted, *under oath*, at his change of plea hearing that:

1. *"On or about the 8th day of December, 1998 "* he was ordered by the District Court "to cooperate with the Court ordered Receiver" as part of a mortgage foreclosure action he was a party to; and

2. On or about April 4, 2000, he *"knowingly and unlawfully disobey[ed] [this] order "*.

Docket No. 40 at 5, 13; Docket No. 16 (emphasis added).[6]

[¶ 25] Furthermore, the record indicates that the order Hill claims does not exist was actually *signed* by the District Court *on December 8, 1998* and *filed* with the Clerk *the following day. See* attachment to Docket No. 27; *see also, United States v. Lamont D. Hill,* Civ. 98–3024 at Docket No. 8.[7] Thus, while Hill is correct that the order that gave rise to his contempt conviction was not filed on December 8, 1998

as alleged, this error was a defect in form only and did not prejudice any substantial rights he had under the Constitution or otherwise. *United States v. Phillips,* 625 F.2d 543, 545–46 (5th Cir.1980).[8]

 [¶ 26] Inasmuch as Hill was not prejudiced by the filing date allegation contained in the information, he is not entitled to § 2255 relief on any of his claims, including the ineffective assistance of counsel one, *see Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),[9] and his Motion must be denied. Accordingly, based on the foregoing, the totality of the circumstances present and good cause appearing, it is hereby

[¶ 27] ORDERED that Hill's Motion to Vacate, Set Aside or Correct Sentence, Docket No. 30, shall be and is DENIED in its entirety and with prejudice.

---

6. In addition, Hill admitted his "culpability" in the contempt offense when he met with the probation officer in connection with the preparation of the Presentence Investigation Report. *See* Docket No. 44 at 4, ¶ 8.

7. Pursuant to Fed.R.Evid. 201, the Court takes judicial notice here of the records on file in Hill's mortgage foreclosure case (Civ.98–3024).

8. In *Phillips,* the defendant was arrested on a drug-related charge, and as a condition of bond was ordered to appear for two hearings, one on April 5, 1979 and another on April 12, 1979. 625 F.2d at 544. The defendant attended neither so the Magistrate ordered his arrest and the defendant was subsequently taken into custody, indicted and convicted. The indictment incorrectly listed April 13, 1979 as the date of the scheduled hearing and the defendant claimed that such a discrepancy created a prejudicial variance between the indictment and proof. *Id.* The Fifth Circuit Court of Appeals rejected the defendant's argument, holding that the variance did not

result in prejudice. The Appeals Court reasoned that "the true inquiry is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused." *Id.* at 545 (*quoting Berger,* 295 U.S. at 85, 55 S.Ct. 629). "Although the indictment referred to the wrong date, it correctly referred to [the defendant's] failure to appear at the preliminary hearing of which he was aware. There [was] no indication that [the defendant] relied on the incorrect date. [Therefore], [h]is substantive rights were not prejudiced by the variance." *Id.*

The same holding applies to the instant case with respect to Hill's incorrect filing date claims.

9. A reviewing court need not decide whether counsel's performance was inadequate if it finds that the defendant was not prejudiced by any claimed deficient performance. *Evans v. United States,* 200 F.3d 549, 551 (8th Cir. 2000).